VERNAN v. GORDON.

1. TRIAL—CONSOLIDATION OF ACTIONS—GROSSLY INADEQUATE VERDICT.
   Consolidation of action by northbound plaintiff against owners
   and operators of 2 southbound cars with actions by rearmost
   southbound motorist and guardian of child in such car against
   other southbound motorist *held*, to have worked an injustice
   against northbound plaintiff, where consolidation had been made
   over his objection, and record sustains his contention that
   attorneys for rearmost southbound motorist sat at both plain-
   tiff's and defendants' side of the table and by a deliberate
   show of undue moderation with respect to their claims against
   other southbound defendant so injected it into thinking and
   views of the jury that it rendered a grossly inadequate verdict
   for northbound plaintiff (CL 1948, § 608.1).

2. SAME—CONSOLIDATION OF ACTIONS—CONVENIENT ADMINISTRATION
   OF JUSTICE.
   Consolidation of actions may be made in order to promote the
   convenient administration of justice, but mere convenience is
   insufficient if there is not an "administration of justice" (CL
   1948, § 608.1).

Appeal from Wayne; Toms (Robert M.), J. Sub-
mitted October 6, 1961. (Docket No. 32, Calendar
No. 49,025.) Decided December 1, 1961. Rehearing
denied March 15, 1962.

Case by Zoltan Vernan against Josephine Ann
Gordon, W. Sterling Gordon and George E. Sutton
for personal injuries sustained in automobile colli-

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 1 Am Jur, Actions §§ 92–95.
Propriety of consolidation for trial of actions for personal injuries,
death, or property damages arising out of same accident. 104
ALR 62, 68 ALR2d 1372.

sion on August 7, 1957. Verdict and judgment for plaintiff. Claiming consolidation with other cases for trial resulted in inadequate verdict, plaintiff moved for new trial. Motion denied. Plaintiff appeals. Reversed and remanded for separate trial.

*Houston & McLay,* for plaintiff.

*Cary, BeGole & Martin,* for defendants Gordon.

DETHMERS, C. J. Consolidation of cases for trial, over plaintiff Vernan's objections, by the court below, is urged as prejudicial error entitling plaintiff to a new trial.

The automobile accident giving rise to this litigation occurred on a divided highway with 2 southbound, paved lanes separated by raised concrete islands from 2 paved lanes for northbound traffic.

A number of automobiles came to a stop, headed south on the most easterly of the 2 southbound lanes, the driver of the lead car evidently intending to make a left turn. Defendant Sutton, traveling in that same lane and direction, was unable to stop in time to avoid collision with the car immediately ahead of him, struck it and the rear end of his car allegedly swerved to the right into the west lane. Defendant Josephine Gordon, driving behind him in an automobile owned by her and her husband, defendant Sterling Gordon, also was unable to stop in time and, in attempting to avoid a collision with Sutton's car, crossed over the dividing island into the lanes for northbound traffic, striking plaintiff Vernan's automobile which was traveling north. He was injured, as also was the Gordons' daughter, Deborah.

Plaintiff Vernan brought suit against Sutton and Mr. and Mrs. Gordon. Later suit was brought against Sutton by Mr. Gordon for $229.70 for medical and hospital expenses he paid for his daughter and

for $770.30 for loss of her services. Suit was also brought against Sutton by Mrs. Gordon, as guardian of daughter Deborah, for damages for the latter's permanent injury, pain, suffering, and disability. The same attorneys who were defending the Gordons as defendants in Vernan's suit against them, represented the Gordons as plaintiffs in their suits against Sutton. They then filed a motion to consolidate the 3 cases for trial. Attorneys for plaintiff Vernan filed written objections, but an order for consolidation ensued. Before trial plaintiff Vernan moved, without avail, for separation of his case from the Gordon cases against Sutton. After verdict he moved for new trial on the ground of error in the consolidation, which was denied. He appeals here.

The jury returned verdicts against Sutton for Mr. Gordon of $151.20 and for Deborah Gordon of $200. It also returned a verdict for plaintiff Vernan in the amount of $5,000 against Sutton and the Gordons. He says that the uncontradicted proofs show that he sustained an out-of-pocket loss of $4,850.67 and we think the record supports him in this regard. That leaves but a nominal sum in the verdict to compensate him for pain and suffering attending the very serious physical injuries shown to have been suffered by him and continuing disabilities, physical discomforts, and limitations on his physical activities still endured by him at time of trial. For these reasons, he complains of the $5,000 verdict as grossly inadequate. Its meager size, under the circumstances, lends weight to his claim that the consolidation worked prejudicially, to his disadvantage, and had a mitigating effect on the jury's view as to his damages.

What are the respects in which plaintiff Vernan claims prejudice of his rights? He says the consolidation permitted the Gordon attorneys, in effect, to sit on both the plaintiff's and the defendants' side of

the table, causing jury confusion. Further, he says that the Gordon attorneys underplayed, in proving the Gordon cases against Sutton, the damages suffered, particularly by Deborah, with resultingly low verdicts for them. The record tends to bear this out. Plaintiff Vernan contends that, by that deliberate show of moderation with respect to their own claims against Sutton, they engendered a spirit of undue moderation in the entire case which was injected into the jurors' thinking and views as they considered the award of damages to him, to such an extent that they rendered a verdict for him which was grossly inadequate. We think there is merit in the contention.

The governing statute, CL 1948, § 608.1 (Stat Ann § 27.591), authorizes consolidation when sufficient grounds appear for uniting the causes of action in order to promote the convenient administration of justice. In applying that test the mere convenience to the court resulting from the fact that consolidation will require it to try but 1 case instead of 2, though a permissible factor to be considered, should not be deemed controlling. *Jackson* v. *Trogan,* 364 Mich 148. Convenience is but one of the ingredients of the test; the other is the "administration of justice". Under the circumstances in this case, consolidation may have worked an injustice to plaintiff Vernan.

Plaintiff Vernan's case is reversed, with costs to him, and remanded for separate trial.

CARR, KELLY, BLACK, EDWARDS, KAVANAGH, and SOURIS, JJ., concurred.

OTIS M. SMITH, J., took no part in the decision of this case.