PEOPLE v. BURD.

1. CRIMINAL LAW—INFORMATION.
Prior convictions which have no circumstantial bearing on the principal crime charged, should not be allowed in the information to be read to the jury, because such practice does not conform to the standard of fair play and violates the due process clause (US Const, Am 14; Mich Const 1963, art 1, § 17).

2. INDICTMENT AND INFORMATION—AMENDMENT—PRIOR CONVICTION—SECOND OFFENDER.
Information charging (1) escape from prison and (2) as a second offender and, as a basis for latter charge setting forth prior conviction of arson is ordered amended so as to insure that the information will not place before jury the accused's past criminal record prior to the jury's finding of guilt or innocence on the charge of escaping prison, where defendant made timely motion so to amend (CL 1948, § 769.10).

Appeal from Jackson; Dalton (John C.), J. Submitted Division 2 April 6, 1965, at Lansing. (Docket No. 114.) Decided May 17, 1965. Rehearing denied August 11, 1965. Leave to appeal denied by Supreme Court October 22, 1965.

Keith E. Burd was charged with escape from prison and as a second offender. Defendant's mo-

---

REFERENCES FOR POINTS IN HEADNOTES
[1, 2] 25 Am Jur, Habitual Criminals and Subsequent Offenders §§ 4, 26.

tion to amend information to exclude the second offender charge was denied. Defendant appealed. Reversed and remanded.

*Frank J. Kelley*, Attorney General, *Robert A. Derengoski*, Solicitor General, *James G. Fleming*, Prosecuting Attorney, and *Bruce E. Barton*, Assistant Prosecuting Attorney, for the people.

*George R. Beach*, for defendant.

*Amicus Curiae:*

*American Civil Liberties Union of Michigan (Sol Plafkin*, of counsel).

Fitzgerald, J. On July 24, 1963, the appellant was charged with the crime of escaping prison under the provisions of CLS 1961, § 750.193 (Stat Ann 1962 Rev § 28.390). Appellant waived examination and was arraigned in Jackson county circuit court on August 6, 1963, on an information charging him with the crime of escaping prison and in addition, alleging that appellant was guilty of the offense of second felony under the habitual criminal sections of the criminal code, CLS 1961, § 769.10 (Stat Ann 1954 Rev § 28.1082). Appellant stood mute and a plea of not guilty was entered.

Prior to appointment of counsel, appellant filed with the circuit court a motion to amend the information. In support of this motion, appellant contended that to charge him with a felony and charge him as an habitual criminal in the same information would deprive him of the presumption of innocence on the felony charge of escaping prison by placing his prior felony conviction before the same jury.

On September 5, 1963, Circuit Judge John C. Dalton rendered an opinion denying appellant's motion,

relying on and quoting from the case of *In re Brazel* (1940), 293 Mich 632 at page 640:

"We hold that it is not necessary to file a supplemental information where said previous convictions are known to the prosecuting attorney at the time of the filing of the information and are fully detailed therein, and that the intent and purpose of the statute are fully served by setting forth in the original information the previous convictions in detail, as well as the offense charged therein."

Court-appointed counsel for appellant then filed in the Michigan Supreme Court an application for leave to appeal from the order of the circuit judge denying appellant's motion.

On the 14th day of August, 1964, the application for leave to appeal was granted by the Supreme Court. This appeal was one of the 160 cases transferred to the Court of Appeals by the Supreme Court on October 14, 1964. The charges against appellant have been adjourned in Jackson county circuit court pending decision on appeal; Keith Burd has yet to face trial for escaping prison.

The information in question charges Burd with escape from prison (first paragraph) and with being a second felony offender (third paragraph) after setting forth his prior conviction for arson (second paragraph). Burd contends that this information would unfairly place before a jury his prior criminal record, thus denying him a fair and impartial trial on the charge of escape.

A clearer understanding of Burd's objection to the information may be gained by reviewing current practice of the Jackson county circuit court regarding the trial of those charged as second or subsequent felons, as outlined in the brief of the prosecuting attorney.

In all cases where a principal crime *other than
escaping prison* is charged as a second or subsequent
felony, the defendant has had the opportunity of
proceeding in the first trial without any reference
to that part of the information alleging prior con-
victions. If a verdict of guilty on the principal
crime is returned, the remainder of the information,
alleging prior conviction(s), is then read to the
jury and a second trial is had on the second (or
third, et cetera) offender charge. However, in cases
where the principal crime is *escaping prison* as a
second felony, only one trial is had where the pre-
vious felony sentence was being served at the time
of the alleged escape. The whole information, in-
cluding allegations of a past felony conviction, is
read to the jury prior to its determination of guilt
or innocence on the charge of escaping prison. This
is what Burd sought to prevent by his motion to
amend the information.

The case of *In re Brazel* (1940), 293 Mich 632, re-
lied upon by the circuit judge in rejecting Burd's
motion to amend the information, does not go to the
issue of the effect of such an information in a jury
trial. Brazel pleaded guilty to an information
charging him with three former felony convictions
coupled with the fourth charge which brought about
his arrest. He contended on appeal that it was man-
datory for the prosecutor to proceed against him by
way of a separate, supplemental information in
order to charge him as a fourth offender. The Su-
preme Court held that a supplemental information
was not necessary. The decision was based on a
finding that the information to which Brazel pleaded
guilty was sufficient to inform him of the precise
nature of the accusations against him.

In the appeal before us there is no issue as to the
adequacy of the information to inform Burd suf-
ficiently of the charges against him. Burd did not

plead guilty. Facing trial for escaping prison, he asked that the information be so amended that the jury would not be made aware thereby of his past conviction of the crime of arson. In light of the prevailing practice in Jackson county circuit court regarding the trial of escapees, the denial of his motion to amend the information is tantamount to a holding that the entire information, including reference to his prior felony conviction, could be read to the jury at the outset of the trial and that evidence in support thereof could be introduced at the trial.

Within a year following the *Brazel Case* the contention, now being advanced by Burd, was before the Michigan Supreme Court in the case of *People* v. *Smith* (1941), 296 Mich 176. The issue was whether constitutional safeguards were denied where an information charging Smith with conspiracy to obtain money by false pretenses, and with being a second offender, was read to the jury. The Court observed (pp 180, 181):

"We acknowledge some justification for the claim that reading to the jury the allegations of the information charging previous convictions might poison the minds of the jury at the outset of the trial. Its effect in swinging the balance toward conviction where the evidence on the merits of the new crime is weak or doubtful cannot be overlooked. Where the previous conduct has no circumstantial bearing on the crime charged, one may question whether the practice of alleging the previous convictions in the same indictment * * * conforms to the standard of fair play required by the due process clause of the Fourteenth Amendment to the Constitution of the United States or the comparable provision of the Constitution of the State of Michigan [1908] (Art 2, § 16)."*

─────────────

* For current provision see Const 1963, Art 1, § 17.—REPORTER.

The Court's disapproval of this method was clear, although it held that failure to make timely objection to the form of the information and its reading precluded reversal of the conviction.

The language of *Smith* will have to remain *dictum*. Keith Burd has not yet been tried; the minds of his jurors have not yet been exposed to any potentially poisonous information. Reference to his prior conviction may quite properly seep into the record of Burd's trial on the issue of escaping prison. The jury may reasonably conclude that one charged with escaping prison was previously convicted of a criminal offense. The defendant may elect to testify in his own behalf and suffer the people's efforts to impeach his credibility. We see, however, no valid reason for allowing the information to provide evidence of past criminality when to do so might jeopardize constitutional rights.

We are of the opinion that the Michigan Supreme Court's avowed disapproval of the reading of the information in the *Smith Case* is sufficiently strong to warrant granting the motion, here timely made, for amendment of the information. Accordingly, the order of the circuit court denying appellant's motion is reversed. The information should be amended so as to insure that it will not place before the jury the accused's past criminal record prior to the jury's finding of guilt or innocence on the charge of escaping prison.

LESINSKI, C. J., and BURNS, J., concurred.