### PEOPLE v. STRATTON

1. Criminal Law—Insanity Defense—Notice—Statute.
    The statute requiring an accused person who intends to offer an insanity defense to give notice to the prosecutor in advance of trial stating the names of the witnesses he intends to call has as its purpose the forewarning of the prosecutor (MCLA, § 768.20).

2. Same—Insanity Defense—Notice—Waiver.
    Prosecutor's agreement that defendant charged with escape could offer in evidence 2 reports by doctors from out-of-state *held*, to amount to a waiver of the statutory notice of intention to make an insanity defense as to those 2 reports, and this waiver was binding upon the trial judge as well as the prosecutor (CL 1948, §§ 750.193, 768.20, 769.10, 769.13).

---

References for Points in Headnotes
[1, 2] 21 Am Jur 2d, Criminal Law § 31 *et seq.*
[3–5] 39 Am Jur 2d, Habitual Criminals and Subsequent Offenders § 20 *et seq.*

3. SAME—HABITUAL CRIMINAL—PROCEDURE.

Sections of the code of criminal procedure providing for punishment of defendant as an habitual offender contemplate 2 separate situations, each having its own procedure: (1) where it appears to the prosecutor *before* conviction of the current charge that the accused person is a prior felon, the accused person is to be informed against as a prior offender, if at all, before conviction on the current charge; (2) where it appears to the prosecutor *after* conviction of the current charge that the felon has a prior felony record, the prosecutor may file a separate or supplemental information in the cause in which the defendant was convicted of the current offense, accusing the person of previous convictions (CL 1948, §§ 769.10, 769.11, 769.12, 769.13).

4. SAME—HABITUAL CRIMINAL—SUPPLEMENTAL INFORMATION—PROCEDURE.

Practice of informing against an accused person as having a prior felony record in a supplemental information filed at the same time as the information charging the current principal charge of felony, but reading only the current principal charge in the information to the jury before the jury finds guilt or innocence of that charge, and then, without impaneling a new and separate jury, proceeding immediately to the trial of the supplemental information on the issue of prior felony record *held*, to accord due process of law unless, in a particular case, the jury which has just convicted on the principal charge would be prejudiced in its consideration of the charge in the supplemental information by its knowledge of the detailed evidence supporting the principal charge (CL 1948, §§ 769.10, 769.11, 769.12, 769.13).

5. SAME—HABITUAL CRIMINAL—SUPPLEMENTAL INFORMATION—SEPARATE JURY.

The impaneling of a new and separate jury to try a charge of second or subsequent felony offense in a supplemental information is within the sound discretion of the trial judge, to be determined by balancing the cost and inconvenience to the people and the court of impaneling a new and separate jury against the possibility of prejudice to the defendant in having the issue submitted to the same jury which convicted him of the current principal charge (CL 1948, §§ 769.10, 769.11, 769.12, 769.13).

Appeal from Jackson, Simpson (John), J. Submitted Division 2 December 5, 1967, at Lansing. (Docket No. 2,843.) Decided September 25, 1968. Reheard December 13, 1968, at Lansing. Original opinion withdrawn and opinion on rehearing adopted December 31, 1968.

Kenneth G. Stratton was convicted of his September 6, 1965, escape from prison charged as a second felony. Defendant appeals. Reversed and remanded.

*Frank J. Kelley*, Attorney General, *Robert A. Derengoski*, Solicitor General, *Bruce A. Barton*, Prosecuting Attorney, and *Vincent S. Stapley*, Assistant Prosecuting Attorney, for the people.

*William F. Goler*, for defendant.

LEVIN, J. The defendant Kenneth G. Stratton appealed his conviction of escape from prison[1] charged as a second felony under the habitual criminal sections of the code of criminal procedure.[2]

Stratton attempted to defend against the charge of prison escape by offering an insanity defense. This the trial judge refused to allow him to do on the ground that he had not given the prosecutor notice of his intention to do so in advance of the trial as required by the statute (MCLA, § 768.20 [Stat Ann 1954 Rev § 28.1043]).

The prosecutor alleged the second felony offense by a separate or supplemental information filed at the same time that the information alleging the

---

[1] CL 1948, § 750.193 (Stat Ann 1962 Rev § 28.390) as it read prior to its amendment by PA 1967, No 103. The 1967 amendment increases the maximum term for prison escape from 3 to 5 years.

[2] PA 1927, No 175 as amended; CLS 1961, § 769.10 (Stat Ann 1954 Rev § 28.1082).

principal charge, escape from prison, was filed. After the jury announced its verdict convicting Stratton of escape from prison, the prosecutor was allowed, over defendant's objection, to try the second felony charge before the very same jury that had just 5 minutes before convicted the defendant of escape from prison.

Two issues are presented. Was Stratton entitled (1) to offer evidence of insanity, and (2) to have a new jury impaneled before commencement of the trial of the recidivist issue? For reasons hereafter stated, we conclude that he should have been allowed to offer evidence in an attempt to convince the jury that he was insane at the time the offense was alleged to have been committed but that he was not entitled as a matter of course to have a new jury impaneled to consider the recidivist issue.

## I.

The prosecuting attorney and Stratton's defense counsel had agreed prior to the trial that Stratton could use the written reports of 2 out-of-state physicians at the time of trial in support of an insanity defense and that the people could offer the reports of 2 doctors who had examined Stratton and testified at a sanity commission hearing on the issue whether Stratton was competent to stand trial.[3]  No notice of an insanity defense was filed.

It was the trial judge who first questioned the defendant's failure to have filed notice of intention to make an insanity defense. It appears that much of the discussion between court and counsel on the question whether the defendant should be allowed, nevertheless, to put in an insanity defense was not taken down by the court reporter.

3 CL 1948, § 767.27 (Stat Ann 1962 Rev § 28.967), as amended by PA 1961, No 166, repealed effective March 10, 1967 and replaced by MCLA, § 767.27a (Stat Ann 1968 Cum Supp § 28.966[11]).

The purpose of the statute requiring an accused person who intends to offer an insanity defense to give notice to the prosecutor in advance of trial stating the names of the witnesses he intends to call is to forewarn the prosecutor. It appears that the only evidence that Stratton was in a position to offer in support of his proposed insanity defense were the 2 out-of-state doctors' reports which the prosecutor had earlier agreed could be offered.

We are satisfied that the prosecutor waived statutory notice of intention to make an insanity defense insofar as introduction of those 2 reports was concerned, which waiver was binding upon the judge as well as the prosecutor. Accordingly, Stratton is entitled to a new trial.

## II.

This opinion is written following a rehearing granted on the people's petition. Our earlier opinion declared—we are now convinced erroneously—that supplementation of an information to charge an accused person as a prior offender so as to make possible the meting out of an increased sentence upon conviction may take place only "after conviction." We reached that conclusion after reading sections 10 and 13 of chapter 9 of the code of criminal procedure.[4] Section 10 provides that one who, like Stratton, is charged as a second felony offender may upon conviction of the current charged offense be sentenced to 1-1/2 times the longest term prescribed for the current offense. Section 10 does not purport to prescribe the procedure by which an accused person can be charged as a second felony offender.

---

[4] PA 1927, No 175 as amended (MCLA, § 769.10 [Stat Ann 1954 Rev § 28.1082]); MCLA, § 769.13 (Stat Ann 1954 Rev § 28.1085).

Section 13 provides:

"If at any time after conviction and either before or after sentence it shall appear that a person convicted of a felony has previously been convicted of crimes as set forth in any of the 3 foregoing sections, the prosecuting attorney of the county in which such conviction was had, in his discretion, may file a separate or supplemental information in such cause accusing the said person of such previous convictions."

In our earlier opinion we reasoned, reading sections 10 and 13 together, that the procedure to be followed in charging one as a prior felony offender was prescribed in section 13 and that the procedure in section 13 set forth was required to be followed whenever it was desired to increase the penalty pursuant to the "3 foregoing sections," *i.e.*, section 10, concerning second felony, section 11, concerning third felony,[5] and section 12, concerning fourth felony.[6]

Section 13 then appeared to us to provide the exclusive procedure. And that section provides the prosecutor could only take action *"after* conviction." (Emphasis supplied.) Section 13 also provides that if the defendant pleads not guilty to the recidivist charge, "a jury of 12 jurors *shall* be impaneled" and that "the *usual practice* in the trial of criminal cases shall be followed in the impaneling of such jury and the trial of said issue and the prosecuting officer and the accused shall each be allowed 5 peremptory challenges." (Emphasis supplied.) We concluded that Stratton was entitled to a new and separate jury because that is what the statute appeared then to us expressly to require.

Our earlier opinion overlooked the last sentence of section 12, which section concerns the increased

---

[5] MCLA, § 769.11 (Stat Ann 1954 Rev § 28.1083).
[6] MCLA, § 769.12 (Stat Ann 1954 Rev § 28.1084).

penalty for those accused persons convicted as *fourth felony* offenders. Stratton was charged as a second felony offender. The last sentence of section 12 reads:

"A person to be punishable under this and the last 2 preceding sections need not have been indicted and convicted as a previous offender in order to receive the increased punishment therein provided, but may be proceeded against as provided in the following section."

The "following section" is section 13.

Implicit in the language just quoted—"*need not* have been indicted and convicted as a previous offender" and "*may be* proceeded against as provided in the following section"—is the concept that the procedure set forth in the "following section," section 13, need not be followed and that an accused person may be punished pursuant to sections 10, 11 and 12 when "indicted and convicted" without regard to section 13.

Thus, as we now read sections 10, 11, 12 and 13, they contemplate 2 separate situations and procedures to be followed when the prosecutor desires to make possible the meting out of an increased penalty pursuant to the habitual criminal sections of the code of criminal procedure. The procedure set forth in section 13 is to be followed whenever it appears to the prosecutor "*after* conviction" of the current charge that the felon has a prior felony record. However, where it appears to the prosecutor before conviction of the current charge that the accused person is a prior felon, the accused person is to be informed against as a prior offender prior to conviction on the current charge; the procedure set forth in section 13 need not be followed.[7]

---

[7] Since filing our earlier opinion in this case our attention has been called to the Michigan Supreme Court's decision in *In re Brazel*

The procedure followed in this case will not ordinarily deny the defendant a fair trial on the recidivist charge. The procedure that was followed was modeled on that approved in *State* v. *Johnson* (1963), 86 Idaho 51 (383 P2d 326), which relied on *State* v. *Ferrone* (1921), 96 Conn 160 (113 A 452). See, also, *Harrison* v. *State* (1965), 217 Tenn 31 (394 SW2d 713). In *State* v. *Johnson, supra,* the Idaho Supreme Court held that habitual criminal charges should not be disclosed to the jury unless and until the defendant is convicted of the principal charge and, if the defendant is so convicted, the portion of the information charging the defendant as an habitual criminal "should be read to them without reswearing them and they should be charged to inquire on that issue."

The procedure that was followed in Stratton's trial as a recidivist is also consistent with requirements enunciated by our Court in *People* v. *Burd* (1965), 1 Mich App 178, leave to appeal denied by the Michigan Supreme Court October 22, 1965. Burd, like Stratton, was charged with the crime of escaping prison. The information additionally charged that he was guilty of the offense of second felony and sought an increase in the penalty pursuant to the provisions of section 10. Burd successfully contended that to charge him with the felony of prison escape and as an habitual criminal in the same information would deprive him of the presumption of innocence on the prison escape charge by placing his prior felony conviction before the jury *prior* to his conviction on the current charge.

---

(1940), 293 Mich 632. In that case the Court declared that the habitual criminal sections of the code of criminal procedure contemplate 2 separate situations, firstly, where the prosecutor is aware of the previous convictions prior to the accused person's conviction on the current principal charge and, secondly, when he is not. The Court held that the procedure set forth in section 13 is applicable in the second situation and not in the first situation.

Our Court ruled in *Burd* that the information should be amended so as to insure (p 183) "that it will not place before the jury the accused's past criminal record *prior to the jury's finding of guilt or innocence on the charge of escaping prison."* (Emphasis supplied.)

Since *Burd* was decided, the practice in Jackson county has been to charge the fact that the accused person has a prior felony record in a supplemental information which may, as in this case, be filed at the same time as the information charging the current principal charge. At the trial of the current principal charge only the information charging that alleged offense is read to the jury. If, as in this case, the defendant is convicted of the current principal charge, then, without impaneling a new and separate jury the court proceeds immediately to cause the supplemental information charging the now convicted defendant with having a prior felony record to be read to the jury which has just convicted him and proceeds to trial of the issue whether the person so convicted of the current principal charge has in fact been convicted of prior felony as charged in the supplemental information.

In the ordinary case the only issue on the trial hearing following reading of the supplemental information is whether the defendant in the dock is the same person who was convicted of the prior felony as alleged. If a new and separate jury were to be impaneled the people would have no difficulty in establishing that the defendant had just been convicted of the current principal charge. Any number of persons in the courtroom at the time of such conviction could be called to testify to that fact and it is highly unlikely that any jury would fail to be persuaded beyond a reasonable doubt that the defendant had in fact been convicted of the current principal charge.

The only advantage to the defendant, then, of im-
paneling a new and separate jury is to keep from
consideration by the jury which decides whether
he was the person convicted of the prior felony the
details of the crime of which he has just been con-
victed.   We can visualize the possibility that in a
particular case it may be important to a defendant
to keep from the jury's purview the details of the
crime of which he has currently been convicted so as
not to prejudice their deliberations on the question
whether he was convicted of the prior felony as al-
leged in the supplemental information.[8]

A defendant who believes that jury resolution of
that question will be prejudiced by its knowledge

---

[8] Although a habitual criminal statute does not create a separate
offense but only provides for enhanced punishment, the issues of
guilt on the current principal charge and whether the defendant has
a prior conviction record are sufficiently distinct so that, at least
for some purposes, the hearings on the 2 separate issues "are essen-
tially independent of each other." *Chandler* v. *Fretag* (1954), 348
US 3, 8 (75 S Ct 1, 99 L Ed 4), where it was held that a defendant's
failure to engage counsel on the current principal charge was not a
waiver of counsel on the habitual criminal charge, the defendant
not knowing he was about to be tried as a habitual criminal when
he declined to engage counsel.

Even if the defendant's conviction for the second offense is un-
assailable, a conviction for the prior offense can be questioned as
in *People* v. *McIntire* (1967), 7 Mich App 133, in which our Court
ruled that a prior conviction upon which the habitual criminal charge
was based could be challenged on the ground it was obtained in
violation of the defendant's constitutional rights.   Similarly, see
*Burgett* v. *Texas* (1967), 389 US 109 (88 S Ct 258, 19 L Ed 2d 319).
In *Burgett* the court held that the prior conviction evidence should
not have been admitted because it had not been established the
defendant had waived counsel before such conviction, that the admis-
sion of the evidence was inherently prejudicial, and that the trial
judge's instructions to disregard the evidence did not make the con-
stitutional error harmless beyond a reasonable doubt within the
meaning of *Chapman* v. *California* (1967), 386 US 18 (87 S Ct 824,
17 L Ed 2d 705).   The court distinguished its earlier holding in
*Spencer* v. *Texas* (1967), 385 US 554 (87 S Ct 648, 17 L Ed 2d
606), on the ground that there the attack was on the general fair-
ness of a one-stage proceeding whereas in *Burgett* the claim of
prejudice was coupled with a showing that a "specific federal right"
had been denied.   The chief justice, separately concurring, adhering
to his view stated in *Spencer* v. *Texas, supra,* expressed his opinion
that the procedures followed in *Burgett* offended constitutional
standards of fairness without regard to whether a specific federal
right had been denied.

of the detailed evidence supporting his current conviction may move the court to order the impaneling of a new and separate jury on the recidivist issue. The grant or denial of such a motion will then reside in the sound discretion of the trial judge.

The imperative of a fair trial will not require in every case the impaneling of a new and separate jury. We think it entirely proper to balance the cost and inconvenience to the people and the court of impaneling a new and separate jury against the possibility of prejudice to the defendant in having the issue submitted to the same jury which convicted him of the current principal charge. In passing upon such a motion the trial judge should be guided by the same basic principles which guided our Court in its ruling in *People* v. *Burd, supra,* and which have been developed for the determination of the question whether joinder of parties in an action and consolidation of causes for trial is likely to be prejudicial.[9]

We have carefully considered our Court's holding in *People* v. *Kamischke* (1966), 3 Mich App 236, relied on by the defendant, in which case our Court held that it was error to try the defendant before a jury, 6 members of which had sat as jurors on the previous day in a trial during which the defendant Kamischke's name was brought before the jury along with evidence implying a scheme involving Kamischke. In this case of Stratton, however, the proceeding for the determination of the issue whether he has a prior felony record is not, as in *Kamischke,* a separate proceeding but rather, as we have now held on this rehearing, the same proceeding and, thus, this is not a case of a jury coming to

---

9 *Gervais* v. *Annapolis Homes, Inc.* (1966), 377 Mich 674, 679; *Watts* v. *Smith* (1965), 375 Mich 120, 125; *Jackson* v. *Trogan* (1961), 364 Mich 148, 158; *Vernan* v. *Gordon* (1961), 365 Mich 21, 24; *Felice* v. *Weinman* (1964), 372 Mich 278, 281; *Paratore* v. *Furst* (1969), 15 Mich App 568.

judgment with personal knowledge of the defendant gained in another and prior proceeding. That is what our Court was confronted with in *Kamischke,* but that is not what we have before us in this case.[10]

The procedure followed by the people in the trial of this case does not violate due process as applied to the States through the Fourteenth Amendment. See *Spencer* v. *Texas* (1967), 385 US 554 (87 S Ct 648, 17 L Ed 2d 606). In that case, a closely divided United States Supreme Court held that a one-stage trial of a recidivist charge—whereat the jury considered both the current principal charge and the recidivist charge at the same time—comports with due process as applied to the States through the Fourteenth Amendment.[11]

This cause is remanded for a new trial at which the defendant shall be allowed to introduce evidence in support of an insanity defense, except that if the defendant desires to introduce evidence other than that contained in the reports of the 2 out-of-state doctors he shall, as required by MCLA, § 768.20 (Stat Ann 1954 Rev § 28.1043), give notice to the

---

10 We acknowledge that where the defendant is entitled to the impaneling of a separate jury, he is entitled to an "impartial jury" (Const 1963, art 1, § 20), one influenced only by legal and competent evidence produced during the trial of that issue. That is the gist of our Court's holding in *People* v. *Kamischke* (1966), 3 Mich App 236. See, also, *People* v. *DeHaven* (1948), 321 Mich 327, 334.

11 Mr. Justice Stewart, separately concurring, stated a preference for the procedure adopted by over 31 States, including Idaho (*State* v. *Johnson, supra*) and Michigan (stated erroneously on authority of section 13 of the habitual criminal section of the code of criminal procedure but, nevertheless, correct because of our Court's decision in *People* v. *Burd, supra*) which postpones introduction of evidence of prior convictions until a finding of guilty on the current principal charge.

The *Spencer* v. *Texas* minority (4 justices) argued that prejudice was inherent in a one-stage trial and that it was unnecessary prejudice because the State's interest could be served as well by a two-stage trial and concluded that the one-stage procedure was so fundamentally unfair as to constitute a denial of due process. The prejudice about which the majority in *Spencer* v. *Texas* was concerned related to the bringing to the jury's attention of the prior conviction record *prior* to conviction of the current principal charge.

prosecutor of the names of any additional witnesses the defendant intends to call.

The earlier opinion filed in this case is withdrawn. Reversed and remanded for a new trial.

QUINN, P. J., and T. G. KAVANAGH, J., concurred.