PEOPLE v. HATT

1. CRIMINAL LAW—PRELIMINARY EXAMINATION—PRIOR CONVICTION—PROOF—HABITUAL CRIMINAL ACT.

The preliminary examination serves the limited purpose of a factual presentation from which the magistrate determines whether the stated crime has been committed and if it is reasonable to believe the accused committed it; accordingly, it was improper at the preliminary examination, where the warrant charged breaking and entering in the nighttime and that such offense was a second offense felony, to offer proof of convictions based on prior offenses since, under Michigan's habitual criminal act, the accused is not charged with the commission of a crime (MCLA § 769.10).

2. CRIMINAL LAW—HABITUAL CRIMINAL ACT—PURPOSE—PREVIOUS CONVICTIONS.

The only purpose of the habitual criminal act is to impose a longer sentence because of the apparent persistence by the

REFERENCES FOR POINTS IN HEADNOTES

[1] 21 Am Jur 2d, Criminal Law, §§ 3, 440–451.
39 Am Jur 2d, Habitual Criminals and Subsequent Offenders §§ 2–5.

[2] 39 Am Jur 2d, Habitual Criminals and Subsequent Offenders §§ 2–5.
Constitutionality and construction of statute enhancing penalty for second or subsequent offense. 58 ALR 20, s. 82 ALR 345, 116 ALR 209, 132 ALR 91, 139 ALR 673.

[3] 21 Am Jur 2d, Criminal Law §§ 440, 449.
Accused's right to assistance of counsel at or prior to arraignment. 5 ALR3d 1269.

[4] 29 Am Jur 2d, Evidence §§ 320, 321, 333.
Effect of prosecuting attorney asking defense witness other than accused as to prior convictions where he is not prepared to offer documentary proof in event of denial. 3 ALR3d 965.

[5] 21 Am Jur 2d, Criminal Law §§ 349–354, 360.
29 Am Jur 2d, Evidence §§ 320, 321, 333.

[6] 41 Am Jur 2d, Indictments and Informations § 151.
Power of court to make or permit amendment of indictment. 17 ALR3d 1181.

defendant in the commission of acts of a criminal nature and it is the previous convictions that are controlling (MCLA § 769.10 *et seq.*).

3. CRIMINAL LAW—PRELIMINARY EXAMINATION—DISCLOSURE—COUNSEL.

Any disclosure by defendant at the preliminary examination without the benefit of counsel may not be used against him if he is later tried.

4. CRIMINAL LAW—TRIAL—OTHER OFFENSES.

As a general rule, in the trial of a criminal case, no reference may be made to the fact that defendant has committed other offenses.

5. CONSTITUTIONAL LAW — CRIMINAL LAW — SELF-INCRIMINATION — PRIOR OFFENSES.

The constitutional prohibition against self-incrimination will not permit a man's past record of offenses to be used in such a manner as to imply guilt of the offense charged or to unfairly prejudice the jury against him.

6. CRIMINAL LAW—PRIOR FELONY—INDICTMENT AND INFORMATION—RECIDIVISTIC CHARGE.

Practices of informing against an accused person as having a prior felony record in supplemental information filed at the same time as the information charging the current principal charge of felony, but reading only the current principal charge in the information to the jury before the jury finds guilt or innocence of that charge, and then, upon a verdict of guilty, without impaneling a new and separate jury, proceeding immediately to the trial of the supplemental information on the issue of prior felony record are approved procedures for dealing with a recidivistic charge.

Appeal from Court of Appeals, Division 1, Lesinski, C. J., and J. H. Gillis and T. G. Kavanagh, JJ., denying application for delayed appeal from Genesee, Donn D. Parker, J.   Submitted November 21, 1970.   (No. 21 October Term 1970, Docket No. 52,258–1/2.)   Decided December 30, 1970.

Ronald C. Hatt was convicted of breaking and entering in the nighttime and of being a second fel-

ony offender.   Defendant's application for delayed
appeal to the Court of Appeals denied.   Defendant
appeals.   Conviction reversed, and remanded for a
new trial.

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, *Robert F. Leonard,*
Prosecuting Attorney, and *Donald A. Kuebler,*
Chief Assistant Prosecuting Attorney, for the peo-
ple.

*Gary W. Brasseur,* for defendant.

ADAMS, J.

## I

### FACTS AND PROCEEDINGS

A warrant issued March 19, 1962, charging de-
fendant with the offense of breaking and entering
in the nighttime and continued in these words:
"And the said offense hereinbefore charged is here-
by charged as a second offense felony for that the
said Ronald C. Hatt was heretofore, on to-wit:   the
11th day of October, 1954, at the City of Flint,
County of Genesee, and State of Michigan, in the
Circuit Court for the County of Genesee before the
Honorable Paul V. Gadola, Circuit Judge, duly con-
victed of the crime of Breaking and Entering in the
Nighttime,   *   *   *   ."
Preliminary examination was held before a mag-
istrate on March 28, 1962.   Defendant, without ben-
efit of counsel, waived proof of the prior offense
and was *bound over to circuit court.*   The infor-
mation filed in circuit court charged that Ronald
C. Hatt on February 23, 1961, committed the of-
fense of a breaking and entering in the nighttime
and that the said offense was a second offense.

Counsel was appointed for defendant by the circuit court prior to arraignment. No motion was made before trial to separate the offenses charged in the information, nor was objection made thereto. No motion was made to remand for a new preliminary examination. Defendant stood mute at arraignment. A plea of not guilty was entered for him. He was tried and convicted by a jury on the information as originally filed.

During the trial, a deputy county clerk was called by the assistant prosecutor to identify the record of a previous conviction of defendant in 1954 of the crime of breaking and entering in the nighttime. Defendant took the stand and admitted committing the prior offense.

Defendant was sentenced on November 5, 1962, for a term of 7-1/2 to 22-1/2 years. On that date, the offense of breaking and entering a building in the nighttime with intent to commit a felony or larceny was punishable by imprisonment for not more than 15 years. CL 1948, § 750.110 (Stat Ann 1962 Rev § 28.305). Punishment upon a second conviction for commission of a felony within this state was related to the nature of the second offense, the statute providing: "If the subsequent felony is such that, upon a first conviction the offender would be punishable by imprisonment for any term less than his natural life, then such person may be placed on probation or sentenced to imprisonment for a term not more than 1-1/2 times the longest term prescribed for a first conviction of such offense or for any lesser term in the discretion of the court; * * * ." CL 1948, § 769.10, as amended by PA 1949, No 56 (Stat Ann 1954 Rev § 28.1082).

Defendant filed application for leave to appeal in this Court on August 12, 1964. The appeal was dis-

missed without prejudice. Defendant filed a motion in circuit court for a new trial. It was denied on April 25, 1966. Application for delayed appeal was denied by the Court of Appeals on December 22, 1966. On September 16, 1968, a delayed application *in propria persona* for leave to appeal and for counsel was filed in the Court of Appeals. It was denied on November 29, 1968, for lack of merit. We granted leave to appeal. 381 Mich 817.

II

Is Defendant Entitled to Reversal of his Conviction Because he was not Represented by Counsel at his Preliminary Examination?

Defendant contends that the preliminary examination is a critical stage of a criminal proceeding and that, on the authority of *Hamilton* v. *Alabama* (1961), 368 US 52 (82 S Ct 157, 7 L Ed 2d 114), *White* v. *Maryland* (1963), 373 US 59 (83 S Ct 1050, 10 L Ed 2d 193), and *Coleman* v. *Alabama* (1970), 399 US 1 (90 S Ct 1999, 26 L Ed 2d 387), he is entitled to a reversal of his conviction.

The preliminary examination in Michigan serves the limited purpose of a factual presentation from which the magistrate determines whether the stated crime has been committed and if it is reasonable to believe the accused committed it. *People* v. *McLean* (1925), 230 Mich 423; *People* v. *Zaleski* (1965), 375 Mich 71, 81, 82. Accordingly, it is improper at the preliminary examination to offer proof, as was done in this case, of convictions based on prior offenses since, under Michigan's habitual criminal act, the accused is not charged with the commission of a crime. The only purpose of that act is to impose a longer sentence because of the apparent persistence by the defendant in the commission of acts of a crim-

inal nature. *People* v. *Palm* (1929), 245 Mich 396.
Under that act, it is the previous convictions that are
controlling. *People* v. *Funk* (1948), 321 Mich 617.

Defendant did not have the benefit of counsel at
his preliminary examination. Any disclosure by
defendant at the preliminary examination without
the benefit of counsel may not be used against him if
he is later tried. *White* v. *Maryland* (1963), 373 US
59 (83 S Ct 1050, 10 L Ed 2d 193), and *Pointer* v.
*Texas* (1965), 380 US 400 (85 S Ct 1065, 13 L Ed 2d
923).

Since we reverse defendant's conviction for rea-
sons which will hereafter appear, we do not decide
if the preliminary examination is a critical stage in
Michigan criminal procedure.

### III

WAS IT A PREJUDICIAL ERROR TO PERMIT THE JURY
    TO DECIDE THE ISSUE OF DEFENDANT'S GUILT ON
    THE CURRENT OFFENSE IN A UNITARY TRIAL ALONG
    WITH HIS GUILT AS A SECOND FELONY OFFENDER
    BASED ON AN ALLEGED PRIOR CONVICTION?

As a general rule, in the trial of a criminal case,
no reference may be made to the fact that defendant
has committed other offenses. In the early case
of *Lightfoot* v. *The People* (1868), 16 Mich 507, Jus-
tice CAMPBELL said (p 511):

"There was no connection between the two crimes,
and proving one had no tendency to prove the other.
It is very manifest that the admission of such testi-
mony must prejudice the jury strongly against the
prisoner while he can not be expected to have made
any preparation to meet such irrelevant charges."

In *People* v. *Judge of Recorder's Court* (1930),
251 Mich 626, we said:

"Prior to the criminal code, Act No. 175, Pub. Acts 1927, there was no provision in the law for an independent trial to determine the fact of a prior conviction. It was tried out in the trial for the subsequent offense. It was necessary to charge it in the complaint and warrant and prove it on the examination and trial unless examination was waived. Otherwise the court was without jurisdiction to consider it in imposing sentence. But section 13, chapter 9, of the code, authorizes an independent trial of that question on the filing of a supplemental information after conviction and sentence for the subsequent offense. It makes no provision for a preliminary examination or for other proceedings applicable to the trial of one charged with crime. It merely provides a procedure after conviction for the determination of a fact which the court is required to consider in imposing sentence. The purpose of an examination is to determine if a crime has been committed and if there is probable cause for believing the accused party committed it. If no crime is charged, an examination is not required. In *People* v. *Palm* [1929], 245 Mich 396, it was held that a supplemental information, filed after conviction, alleging a prior conviction, does not charge any crime."

The practice of charging other offenses in a single information in accordance with statute has been approved by this Court. *In re Brazel* (1940), 293 Mich 632. However, in *People* v. *Smith* (1941), 296 Mich 176, this Court acknowledged that there was "some justification for the claim that reading to the jury the allegations of the information charging previous convictions might poison the minds of the jury at the outset of the trial."

In the case of *People* v. *Burd* (1965), 1 Mich App 178, a panel of the Court of Appeals held that, upon proper motion being made, an "information should be amended so as to insure that it will not place be-

fore the jury the accused's past criminal record prior to the jury's finding of guilt or innocence on the charge of escaping prison."

In *People* v. *Cairns* (1966), 4 Mich App 633, that Court was again presented with the question and stated (p 644):

"It appears to this court that the better procedure to follow in such cases in the future would be to proceed *after conviction* as CLS 1961, § 769.13 (Stat Ann 1954 Rev § 28.1085) clearly provides and by filing a separate information charging the previous convictions." (Emphasis by Court.)

Finally, in *People* v. *Stratton* (1968), 13 Mich App 350, Judge LEVIN carefully analyzed the procedures to be followed by a prosecutor (1) where it appears to him before conviction of the current charge that the accused was a prior felon and (2) where such information does not come to the attention of the prosecutor until after conviction of the current charge.

In this case, the prosecuting attorney for Genesee County, with commendable candor, has stated in his brief:

"It may well be that the procedure suggested in *People* v. *Burd,* and *People* v. *Stratton, supra,* as well as MSA 28.1085 is the better means of determining and punishing a second offender. Most assuredly it has the effect of eliminating possible prejudice created by an allegation of previous convictions coupled with an allegation of the commission of a current offense."

The constitutional prohibition against self-incrimination will not permit a man's past record of offenses to be used in such a manner as to imply guilt of the offense charged or to unfairly prejudice the jury against him. The procedures for dealing with a recidivistic charge, as delineated by Judge LEVIN in *People* v. *Stratton,* are approved.

This cause is remanded for new trial in accordance with this opinion.

T. E. BRENNAN, C. J., and T. M. KAVANAGH, and T. G. KAVANAGH, JJ., concurred with ADAMS, J.

BLACK, J. concurred in remand for new trial only.

DETHMERS and KELLY, JJ., did not sit in this case.