PEOPLE v JOHN WELLS

Docket No. 47149. Submitted November 3, 1980, at Detroit.—Decided
    February 5, 1980.

    John D. Wells was convicted on June 5, 1979, of larceny in a
    building following a jury trial in Washtenaw Circuit Court,
    Patrick J. Conlin, J. On June 7, 1979, a supplemental informa-
    tion charging defendant as a fifth offender was filed. Defendant
    was sentenced to a prison term of from two years and eight
    months to four years on July 5, 1979. Defendant thereafter pled
    guilty to the habitual offender charge, the original sentence
    was vacated, and a negotiated sentence of 12 years and 6
    months to 15 years was imposed. Defendant appeals from the
    habitual offender conviction, his conviction on the underlying
    felony having been separately appealed and affirmed. *People v
    Wells,* Docket No. 46721, unpublished per curiam opinion,
    decided December 12, 1980. *Held:*

        1. The habitual offender statute is constitutional.

        2. Even prior to the Michigan Supreme Court's recent hold-
    ing in *People v Fountain,* 407 Mich 96; 282 NW2d 168 (1979),
    that the supplemental information charging a defendant as a
    habitual offender must be filed with the information charging
    the last underlying felony, it was the rule in Michigan that the
    prosecution must file such supplemental information prior to
    the conviction on the underlying felony if the prosecution had
    knowledge of the prior record, unless the prosecution's delay in
    filing the supplemental information was for good cause and
    without prejudice to the defendant's rights.

        3. Since the prosecution has failed to explain its delay in
    filing the supplemental information until after defendant's
    conviction on the underlying felony, and since such delay

REFERENCES FOR POINTS IN HEADNOTES
[1] 39 Am Jur 2d, Habitual Criminals and Subsequent Offenders § 5.
[2, 3] 39 Am Jur 2d, Habitual Criminals and Subsequent Offenders
    §§ 20, 21.
Power of court to make or permit amendment of indictment with
    respect to allegations as to prior convictions. 17 ALR3d 1265.
[4] 39 Am Jur 2d, Habitual Criminals and Subsequent Offenders § 8.
[5] 39 Am Jur 2d, Habitual Criminals and Subsequent Offenders § 19.

prejudiced defendant by forcing him to go to trial without proper notice of the subsequent supplemental information and the attendant increased sentence possibilities, reversal of defendant's habitual offender conviction is mandated by the rule in existence prior to *People v Fountain*. It is therefore unnecessary to address the question of the retroactive application of the *Fountain* holding.

4. The fact that the defendant pled guilty to the habitual offender charge does not preclude his raising the question of the propriety of the prosecution's actions with respect to that charge, since his appellate challenge goes to the question of the state's authority to bring such charges, rather than merely going to the state's capacity to bring the charges.

Reversed.

BASHARA, P.J., concurred. He agrees that reversal of the habitual offender conviction is mandated; however, he would hold that such reversal is mandated by the fact that the rule in *People v Fountain* should be retroactively applied to the present case, since the defendant had not received notice of supplemental habitual offender charges and defendant was prejudiced by the lack of such notice.

OPINION OF THE COURT

1. CRIMINAL LAW — HABITUAL OFFENDERS — CONSTITUTIONAL LAW — STATUTES.

The habitual offender statute is constitutional (MCL 769.12; MSA 28.1084).

2. CRIMINAL LAW — HABITUAL OFFENDERS — FILING OF CHARGES — GOOD CAUSE — PREJUDICE.

It has been the rule in Michigan that the prosecution, when it has knowledge of a prior felony record, must file a supplemental habitual offender information prior to the conviction on the last felony, except that a later filing may be made where the delay in filing of the supplemental information was for good cause and the delay by the prosecution did not prejudice the defendant's rights.

3. CRIMINAL LAW — HABITUAL OFFENDERS — FILING OF CHARGES — DELAY — PREJUDICE.

Reversal of a habitual offender conviction is mandated, irrespective of whether the recent rule requiring that a supplemental habitual offender information must be filed at least by the time of the filing of the information on the last felony is held to be retroactive in application, where the prosecution files the sup-

plemental habitual offender information after the conviction on
the last felony and the prosecution fails to explain the delay in
filing the information and the defendant was prejudiced by
such delay by being forced to go to trial without proper notice
of the subsequent supplemental information and the attendant
possibility of an increased sentence.

4. CRIMINAL LAW — HABITUAL OFFENDERS — FILING OF CHARGES —
GUILTY PLEAS — WAIVER — APPEAL.

A plea of guilty to a supplemental habitual offender information
does not waive a defendant's right to challenge on appeal the
propriety of the prosecution's filing of such supplemental infor-
mation after defendant's conviction on the last underlying
felony, since such a challenge affects the state's authority, as
opposed to the state's capacity, to bring the defendant to trial
on the supplemental charges.

DISSENT BY BASHARA, P.J.

5. CRIMINAL LAW — HABITUAL OFFENDERS — FILING OF CHARGES —
RETROACTIVE APPLICATION.

*The Michigan Supreme Court's new holding that habitual of-
fender charges must be filed with the information charging the
last underlying felony should be retroactively applied only
where a defendant has not received notice that a supplemental
information will be filed and that lack of notice works to the
prejudice of the defendant.*

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, *William F. Delhey,*
Prosecuting Attorney, and *James S. Sexsmith,*
Assistant Prosecuting Attorney, for the people.

*Ronald Grossman,* for defendant.

Before: BASHARA, P.J., and N. J. KAUFMAN and
R. M. MAHER, JJ.

PER CURIAM. After a jury trial held June 4 and
5, 1979, defendant was convicted of larceny in a
building in connection with the theft of two hams
from a Kroger store. MCL 750.360; MSA 28.592.
On July 5, 1979, defendant was sentenced to a
prison term of from two years and eight months to

four years. A supplemental information charging defendant as a fifth offender was filed on June 7, 1979, after the larceny conviction, and on July 23, 1979, defendant pled guilty to this charge. MCL 769.12; MSA 28.1084. Accordingly, defendant's original sentence was vacated and a negotiated sentence of 12-1/2 to 15 years was imposed. Defendant appeals by right, raising two issues concerning the applicability of the habitual offender statute. A separate appeal was filed regarding the underlying larceny conviction, and that conviction was affirmed by this Court in an unpublished per curiam opinion.[1]

Defendant first argues that the habitual offender statute is unconstitutional. While recognizing that the statute has been upheld on numerous occasions, defendant vigorously presented his arguments to the trial court and has done so again on appeal. We hold that the statute is constitutional. *People v Palm,* 245 Mich 396; 223 NW 67 (1929), *People v Covington,* 70 Mich App 188; 245 NW2d 558 (1976), *lv den* 402 Mich 843 (1977), *People v Potts,* 55 Mich App 622; 223 NW2d 96 (1974), *lv den* 396 Mich 826 (1976).

Defendant also argues that the prosecution could not properly proceed against him as a habitual offender because the supplemental information was not timely filed. In support of this position, defendant cites the Supreme Court's decision in *People v Fountain,* 407 Mich 96; 282 NW2d 168 (1979). *Fountain* appears to involve two separate "rules" regarding the time in which a supplemental information charging a defendant as a habitual offender must be filed. The first was stated as follows:

---

[1] *People v John David Wells* (Docket No. 46721, decided December 12, 1980 [unreported]).

"A prosecutor who knows a person has a prior felony record must promptly proceed, if at all, against the person as an habitual offender. *People v Hatt*, 384 Mich 302; 181 NW2d 912 (1970); *People v Stratton,* 13 Mich App 350; 164 NW2d 555 (1968). The prosecutor is not foreclosed from proceeding against a person as an habitual offender after conviction on the current offense provided he is unaware of a prior felony record until after the conviction. MCL 769.13; MSA 28.1085. The only recognized exception to this rule is when the delay is due to the need to verify out-of-state felony convictions based on the 'rap sheet'. *People v Hendrick,* 398 Mich 410; 247 NW2d 840 (1976)." *Id.,* 98-99.

In this aspect *Fountain* presented nothing new and merely restated existing law. Accordingly, there is no issue as to the "prospective" or "retroactive" effect of this part of *Fountain.* See *People v Martin,* 100 Mich App 447; 298 NW2d 900 (1980), *People v Stein,* 99 Mich App 781; 298 NW2d 638 (1980) (CYNAR, J., concurring), *People v Mohead,* 98 Mich App 612, 619-620, fn 2; 295 NW2d 910 (1980). But see, *People v Wilson,* 99 Mich App 348; 297 NW2d 660 (1980).

The second "rule" of *Fountain* was stated near the end of the per curiam opinion:

"The habitual offender charges should have been filed with the information which charged the last felony to provide fair notice to the accused and avoid an appearance of prosecutorial impropriety." *Id.,* 99.

In a concurring opinion, the Chief Justice added that this simultaneous filing requirement was based on the Court's supervisory powers over the practices and procedures used in Michigan courts. By requiring the simultaneous filing of supplemental informations, the Court went beyond anything

that had previously been required. As a result, the issue of whether this new rule is to be given only prospective application or some form of retroactive effect has divided this Court.[2]

Because we are of the opinion that the supplemental information was not filed "promptly" under the first rule in *Fountain,* we are not confronted with the issue of whether *Fountain* is to be given retroactive effect.

The status of the pre-*Fountain* law regarding the timing of supplemental informations was thoroughly analyzed in *Martin, supra,* as follows.

In *People v Stratton,* 13 Mich App 350, 356; 164 NW2d 555 (1968), the Court stated that when the prosecution has knowledge of a defendant's felony convictions prior to trial on the latest felony charge, the supplemental information should be filed before conviction on that charge. The habitual offender charge could be brought after the conviction whenever the prosecution fails to learn of the prior convictions before that time. See also,

---

[2] On several occasions this Court had held that the simultaneous filing rule is purely prospective *People v Rice,* 101 Mich App 1; 300 NW2d 428 (1980), *People v Doran,* 100 Mich App 795; 300 NW2d 415 (1980), *People v Martin,* 100 Mich App 447; 298 NW2d 900 (1980), *People v Kildow,* 99 Mich App 446; 298 NW2d 193 (1980), *People v Mohead,* 98 Mich App 612, 620-626; 295 NW2d 910 (1980), *People v Holmes,* 98 Mich App 369, 379; 295 NW2d 887 (1980), *People v Heiler,* 97 Mich App 636, 639-640; 296 NW2d 10 (1980). On other occasions, this Court has afforded *Fountain* some form of limited retroactive effect while not clearly stating whether that retroactivity involved the first or second "rules" of *Fountain. People v Smith,* 100 Mich App 731; 300 NW2d 388 (1980), *People v Stein,* 99 Mich App 781; 298 NW2d 638 (1980), *People v Reese,* 97 Mich App 785; 296 NW2d 172 (1980). On yet another occasion this Court has given the simultaneous filing rule limited retroactive effect. *People v Taylor,* 99 Mich App 613; 299 NW2d 9 (1980).

The Supreme Court has not clearly signaled its intention regarding the retroactivity of *Fountain.* See *People v Morris,* 407 Mich 885 (1979), *People v Devine,* 407 Mich 904 (1979), *People v Brown,* 407 Mich 913 (1979).

*In re Brazel,* 293 Mich 632, 639-640; 292 NW 664
(1940). The *Stratton* procedure was specifically
adopted by the Supreme Court in *People v Hatt,*
384 Mich 302, 307-309; 181 NW2d 912 (1970).

In *People v Marshall,* 41 Mich App 66; 199
NW2d 521 (1972), the Court held that the *Stratton-Hatt* procedure was not mandatory, and that
the prosecution had discretion to charge defendant
as a habitual offender after conviction even where
the prior convictions were known beforehand. The
Court also noted, however, that such an exercise of
discretion could run afoul of a defendant's due
process rights. Accordingly, the Court held that
"where no good reason exists for the delay in filing
a supplemental information charging the defendant as a subsequent offender, and the delay on
the part of the prosecutor substantially prejudices
defendant's rights, the filing of that supplemental
information clearly denies defendant his right to
due process of law". *Id.,* 74. The practical result of
such a holding was to render the *Stratton-Hatt*
procedure mandatory unless there was a good
reason for the delay or that delay did not substantially prejudice the defendant.

In *People v Hendrick,* 398 Mich 410; 247 NW2d
840 (1976), the Supreme Court restated the procedure culled from the above noted cases without
disapproval. In *Hendrick,* the prosecution became
aware of the extent of the defendant's prior record
about a week before the trial on the most recent
charge, but no supplemental information was filed
until after that trial resulted in a conviction. The
prosecution explained that the delay resulted from
the fact that several of the prior convictions were
from other states and that prior to trial the only
information regarding these convictions was con-

tained in an FBI "rap sheet". Because the delay resulted from the need to verify these out-of-state convictions, the Court held that the prosecution had acted properly. As a result, the need to verify such information constituted a good reason for post-conviction filing, despite the fact that the prosecution had knowledge of the prior convictions before trial. In a dissenting opinion, Justice LEVIN took the position that verification of the information contained in the "rap sheet" was not sufficient cause to delay filing of the supplemental information. In addition, he demonstrated the substantial prejudice that results when a defendant is forced to defend against a charge without notice that the prosecution also intends to file a supplemental information by noting that the severity of the potential punishment often influences matters of trial strategy. *Hendrick, supra,* 423-424 (LEVIN, J., dissenting). See also, *People v Taylor,* 99 Mich App 613; 299 NW2d 9 (1980), *People v Wilson,* 102 Mich App 626; 302 NW2d 303 (1981) (BASHARA, J., concurring), *People v Wallace,* 102 Mich App 386; 301 NW2d 540 (1980) (BASHARA, J., concurring).

The Court in *Martin* summarized the analysis of pre-*Fountain* law as follows:

"(1) When the prosecutor had knowledge of a defendant's prior convictions, a supplemental information charging the defendant as an habitual offender was to be filed prior to the conviction of the defendant on the current charge. When the prosecutor learned of the defendant's prior convictions only after the conviction of the defendant on the current charge, the information charging the defendant as an habitual offender could be filed after conviction on the current charge *(Stratton/Hatt);*

"(2) Failure to follow the *Stratton/Hatt* procedure would not preclude a prosecutor from proceeding on a supplemental information charging a defendant as an habitual offender unless

"(a) no good reason existed for the delay in filing the supplemental information, and

"(b) the delay substantially prejudiced the defendant's rights *(Marshall)*;

"(3) The need to verify information contained in a rap sheet was a good reason for delaying the filing of a supplemental information until after a defendant's conviction on the current offense *(Hendrick*—majority opinion);

"(4) Requiring a defendant to go to trial on a criminal charge, or to enter a plea of guilty, without notice that upon conviction on that charge a supplemental information would be filed increasing the severity of the possible consequences of conviction was always substantially prejudicial to that defendant *(Hendrick*—LEVIN dissent)." *Martin, supra,* 457.

In the instant case, the information charging defendant with the heist of the hams was filed on March 6, 1979. He was convicted on June 5, 1979, but the supplemental information was not filed until June 7, 1979. The supplemental information charged defendant with four prior felony convictions, all arising in Washtenaw County. Accordingly, the prosecution either knew, or should have known,[3] of defendant's previous convictions before his conviction on the latest offense. As such, the supplemental information should have been filed prior to conviction for that offense. *Hatt, supra, Stratton, supra.* No reason has ever been advanced to explain the delay, and the fact that defendant was forced to go to trial without proper notice[4] of

---

[3] *Fountain* indicates that when the prior convictions were obtained by the office of the same prosecutor who handles the supplemental information, knowledge of those prior convictions is presumed. *Fountain, supra,* 99. It does not appear that such a presumption had been recognized prior to *Fountain.* This Court has, however, stated that this presumption should not be given prospective application only, but should apply to all pre-*Fountain* cases involving post-conviction filings. *People v Wilson,* 102 Mich App 626; 302 NW2d 303 (1981). In addition, we note that this case was pending on appeal when *Fountain* was decided, as the claim of appeal was filed August 14, 1979, and *Fountain* was decided August 28, 1979.

the subsequent supplemental information and the attendant increased sentence resulted in substantial prejudice *Taylor, supra, Wilson, supra,* (BASHARA, J., concurring), *Wallace, supra,* (BASHARA, J., concurring). See *Hendrick, supra,* 423-424 (LEVIN, J., dissenting). Accordingly, the supplemental information was not timely filed. Defendant's sentence under the habitual offender statute is vacated and the original sentence of two years and eight months to four years is reinstated. See *Fountain, supra,* 99. We note in closing that defendant's guilty plea did not waive the issue, as the issue amounts to a complete defense to the habitual offender proceeding which affects the state's *authority,* as opposed to its *capacity,* to bring the defendant to trial. *People v Alvin Johnson,* 396 Mich 424; 240 NW2d 729 (1976) *People v Hall* 97 Mich App 143; 293 NW2d 742 (1980).

Reversed.

BASHARA, P.J. *(concurring).* I concur separately in the result reached in this cause, however, I do so on the basis of *People v Taylor,* 99 Mich App 613; 299 NW2d 9 (1980).

---

[4] In its brief on appeal, the prosecution contends that defendant was informed of the intent to file a supplemental information at a pretrial conference. This allegation does not, however, find support in the record.