PEOPLE v MARSHALL

1. INDICTMENT AND INFORMATION—SECOND FELONY—SUPPLEMENTAL INFORMATION.

   A prosecutor need not file before trial a supplemental information charging a defendant as a second felony offender so as to increase the statutory maximum sentence by 1–1/2 times where the defendant is charged with a crime which carries a mandatory sentence of life imprisonment.

2. INDICTMENT AND INFORMATION—SECOND FELONY—SUPPLEMENTAL INFORMATION—DELAY IN FILING.

   A four-month delay between trial and filing a supplemental information charging defendant with being a second felony offender violated defendant's right to due process of law by prejudicing his right of appeal, where he did not appeal his conviction of the second felony but may have wished to had he known he was subject to 1–1/2 times the sentence given him after the trial, which gave him credit for time spent at Ionia as incompetent before trial, and where no good reason existed for the delay.

Appeal from Hillsdale, Rex B. Martin, J. Submitted Division 2 February 8, 1972, at Lansing. (Docket No. 11324.) Decided May 25, 1972.

George Marshall was convicted of being a second felony offender. Defendant appeals. Conviction vacated and defendant discharged.

*Denis F. Jodis,* for defendant on appeal.

Before: McGREGOR, P. J., and LEVIN and TARGONSKI,* JJ.

REFERENCE FOR POINTS IN HEADNOTES

[1, 2] 41 Am Jur 2d, Indictments and Informations § 13.

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

McGREGOR, P. J. Defendant was first convicted of a felony by a plea of guilty to the charge of statutory rape, on October 10, 1955. On July 4, 1961, defendant killed his wife and was charged with first-degree murder. He was not tried on this charge, as he was found incompetent to stand trial and was, therefore, held in custody at Ionia for nine years. On April 22, 1970, a jury found him guilty of the lesser included offense of manslaughter, MCLA 750.321; MSA 28.553, and he was sentenced to 14-1/2 to 15 years, with credit for the time he spent at Ionia. On or about October 5, 1970, defendant was granted a certificate of discharge from the department of corrections; however, a short time prior to his discharge, the department of corrections contacted the prosecuting attorney for Hillsdale County (where he had been convicted) and informed him of the pending release of the defendant.

On September 1, 1970, the Hillsdale County prosecutor filed a supplemental information, charging the defendant as a second offender, and asked the circuit court to impose sentence as provided in MCLA 769.10; MSA 28.1082. Defendant was tried on this supplemental information on December 30, 1970, and found guilty, and was sentenced to a term of imprisonment of 21 to 22-1/2 years. Defendant moved to quash the information, both at a hearing on October 28, 1970, and again at the trial of the people's proofs. Both motions were denied and this appeal of right follows.

The first question on appeal is whether the prosecutor may file a supplemental information charging defendant as a second felony offender, under the habitual criminal sections of the code of criminal procedure, subsequent to defendant's second felony conviction, where the prosecutor was

aware of defendant's first conviction prior to the second conviction. Defendant contends that, as the prosecutor was aware of his prior felony conviction, the prosecutor failed to comply with the habitual offender statute, because he did not bring the charge timely. Defendant contends that *People v Stratton,* 13 Mich App 350 (1968), makes it mandatory on the prosecutor where he knows of the defendant's prior conviction, to file a supplemental information charging the defendant as a second offender, concurrent with the current charge. MCLA 769.13; MSA 28.1085 provides in part:

"If at any time after conviction and either before or after sentence, it shall appear that a person convicted of a felony has previously been convicted of crimes as set forth in any of the 3 foregoing sections, the prosecuting attorney of the county in which such conviction was had, in his discretion, may file a separate or supplemental information in such cause accusing the said person of such previous convictions."

In *People v Stratton, supra,* 355–356, this Court said:

"In our earlier opinion we reasoned, reading sections 10 and 13 together, that the procedure to be followed in charging one as a prior felony offender was prescribed in section 13 and that the procedure in section 13 set forth was required to be followed whenever it was desired to increase the penalty pursuant to the '3 foregoing sections,' *i.e.,* section 10, concerning second felony, section 11, concerning third felony, and section 12, concerning fourth felony.

"Section 13 then appeared to us to provide the exclusive procedure. And that section provides the prosecutor could only take action *'after* conviction.' (Emphasis supplied.) Section 13 also provides that if the defendant pleads not guilty to the recidivist charge, 'a jury of 12 jurors *shall* be impaneled' and that 'the *usual practice*

in the trial of criminal cases shall be followed in the impaneling of such jury and the trial of said issue and the prosecuting officer and the accused shall each be allowed 5 peremptory challenges.' (Emphasis supplied.) We concluded that Stratton was entitled to a new and separate jury because that is what the statute appeared then to us expressly to require.

"Our earlier opinion overlooked the last sentence of section 12, which section concerns the increased penalty for those accused persons convicted as *fourth felony* offenders. Stratton was charged as a second felony offender. The last sentence of section 12 reads:

" 'A person to be punishable under this and the last 2 preceding sections need not have been indicted and convicted as a previous offender in order to receive the increased punishment therein provided, but may be proceeded against as provided in the following section.'

"The 'following section' is section 13.

"Implicit in the language just quoted—*'need not* have been indicted and convicted as a previous offender' and *'may be* proceeded against as provided in the following section'—is the concept that the procedure set forth in the 'following section,' section 13, need not be followed and that an accused person may be punished pursuant to sections 10, 11 and 12 when 'indicted and convicted' without regard to section 13.

"Thus, as we now read sections 10, 11, 12 and 13, they contemplate 2 separate situations and procedures to be followed when the prosecutor desires to make possible the meting out of an increased penalty pursuant to the habitual criminal sections of the code of criminal procedure. The procedure set forth in section 13 is to be followed whenever it appears to the prosecutor *'after* conviction' of the current charge that the felon has a prior felony record. However, where it appears to the prosecutor before conviction of the current charge that the accused person is a prior felon, the accused person is to be informed against as a prior offender prior to conviction on the current charge; the procedure set forth in section 13 need not be followed."

In *In re Brazel,* 293 Mich 632, 639–641 (1940),

the Michigan Supreme Court discussed § 13 as follows:

"We must conclude that prior convictions can be charged in an information for a subsequent offense where the prosecutor has knowledge thereof on filing the information, or later in separate proceedings by a supplemental information under 3 Comp Laws 1929, § 17341 (Stat Ann § 28.1085), where such officer acquires such knowledge or information subsequent to conviction.

"It is the contention of the respondent that it was mandatory for the prosecutor to proceed by supplemental petition in order to augment his punishment for prior convictions by supplemental information under the provisions of 3 Comp Laws 1929, § 17341 (Stat Ann § 28.1085).

"We do not think respondent's rights could be any more safely guarded by supplemental information than was done in the instant case. Each of the three prior convictions was set forth in detail in the information, as well as in the complaint, examination thereon being expressly waived. All of the proceedings show that he was definitely informed of the precise nature of the accusations made against him and that he was conversant with the law with reference to his rights as a fourth offender.

"We hold that it is not necessary to file a supplemental information where said previous convictions are known to the prosecuting attorney at the time of the filing of the information and are fully detailed therein, and that the intent and purpose of the statute are fully served by setting forth in the original information the previous convictions in detail, as well as the offense charged therein. * * *

"Unquestionably the statute in question was enacted for the protection of a convicted person in the event he should be brought before the court on a supplemental information, as authorized by said section, and given the right to a trial by a jury or before the court, if he preferred, and to require the people to prove the identity of the accused as related to the former convictions.

We also hold that said section was added to enable the prosecutor to file his supplemental information where he discovers such prior convictions so that a sentence might be revised to include augmented punishment prescribed by the statute for incorrigible criminals."

It should be noted that the specific issue in both *People v Stratton, supra,* and *In re Brazel, supra,* was whether the prosecutor could bring a supplemental information charging the respective defendants therein, as subsequent offenders, prior to the conviction on the current charge in those cases. In each case, it was held that the prosecutor could file his supplemental information prior to or concurrent with the then pending charge. The specific question as to whether the prosecutor could file his supplemental information after the conviction on the then pending current charge, where the prosecutor had knowledge of the prior convictions, was not before the Court in either of those cases, nor was it decided by the Court. Thus, while the language in both *Stratton* and *Brazel* may be persuasive, it is certainly not controlling, where the specific question herein was not before the Court in those cases and was not decided by those respective Courts.

Both *Brazel* and *Stratton* specifically held that the language of § 13 does not preclude the prosecutor from filing a supplemental information prior to defendant's conviction on the current pending charge.

The holding of *Brazel* and *Stratton* does not, however, make it mandatory on the part of the prosecutor to proceed against an accused as a subsequent offender prior to conviction, but is merely permissive in that it allows the prosecutor to so proceed.

There may indeed be situations where, even

though the prosecutor has knowledge of the defendant's previous convictions, it may be unwise or unnecessary for him to file the supplemental information charging the defendant as a subsequent offender.

The instant case is clearly indicative of such a situation. The defendant here was charged with first-degree murder, which carries a mandatory life imprisonment. It is certainly not necessary for the prosecutor to file a supplemental information, charging defendant as a subsequent offender, or second felony offender, so that the sentence of mandatory life may be increased to 1–1/2 times life. Consequently, it would be inimical for this Court to hold that the prosecutor should have done what was, at that time (prior to conviction), totally unnecessary. Section 13 clearly applies to the situations where the prosecutor has no knowledge of defendant's prior conviction. It is also applicable where, as in this case, it is totally unnecessary to act prior to conviction.

Indeed, this Court has previously taken the position that it is better procedure to file a supplemental information after conviction on the current charge, rather than prior to conviction on the current charge. In *People v Cairns,* 4 Mich App 633, 644 (1966), it was stated:

"It appears to this Court that the better procedure to follow in such cases in the future would be to proceed *after conviction* as MCLA 769.13; MSA 28.1085 clearly provides, and by filing a separate information charging the previous conviction." (Emphasis by the Court.)

Clearly, the prosecutor has discretion to file a supplemental information under the habitual criminal act after conviction, and is not limited to filing such supplemental information prior to con-

viction of a current charge, where he has knowledge of the previous conviction.

The second issue raised by defendant is whether, by exercising his discretion to file a supplemental information four months after defendant's second felony conviction, where the prosecutor knew of defendant's previous felony conviction prior to defendant's second conviction, the prosecutor violated defendant's rights to due process of law. Defendant contends that it is fundamentally unfair to wait until more than four months after the second felony conviction to charge him with being a second felony offender, as he may have wished to appeal his previous conviction, had he known of the prosecutor's contemplated action. Here, the prosecutor has waited until after the time limitation has expired for defendant to take his appeal on his most recent conviction. Defendant's claim is directly analogous to his right to a speedy trial. US Const, Am VI.

In *Dickey v Florida,* 398 US 30, 38; 90 S Ct 1564, 1569; 26 L Ed 2d 26, 32 (1970), the Supreme Court stated:

"Here, however, no valid reason for the delay existed; it was exclusively for the convenience of the state. On this record the delay with its consequent prejudice is intolerable as a matter of fact and impermissible as a matter of law."

While the delay in the instant case was not for an eight-year period, as occurred in *Dickey,* its consequences were equally prejudicial toward defendant in that he has lost his right to appeal. Similarly, once the prosecutor was aware that defendant would not be sentenced to a mandatory life imprisonment, he should have acted promptly to file his supplemental information. Any delay

was solely for his convenience. Therefore, where no good reason exists for the delay in filing a supplemental information charging the defendant as a subsequent offender, and the delay on the part of the prosecutor substantially prejudices defendant's rights, the filing of that supplemental information clearly denies defendant his right to due process of law.

The trial court should have granted defendant's motion to quash.

Defendant's conviction on the supplemental information is vacated, reversed, and defendant is discharged.

TARGONSKI, J., concurred.

LEVIN, J., concurred in the result.