PEOPLE v DEVINE

Docket No. 77-1163. Submitted June 6, 1978, at Grand Rapids.— Decided November 27, 1978. Leave to appeal applied for.

William L. Devine was convicted of breaking and entering with intent to commit larceny, his fourth felony conviction. Subsequently, the prosecutor filed a supplemental information charging Devine as an habitual offender. Devine pled guilty to the charge, and the Saginaw Circuit Court, Eugene Snow Huff, J., sentenced him to two separate prison terms, one for the breaking and entering, the other for the habitual offender conviction, to be served concurrently. Defendant appeals, alleging that the prosecutor should not have been allowed to file the habitual offender information after the trial on the breaking and entering and that the trial court erred in imposing separate sentences. *Held:*

1. The prosecutor, even though he had knowledge of defendant's earlier convictions, was not required to file the supplemental information prior to the trial for breaking and entering.

2. The habitual offender statute is a sentence-enhancing statute, and does not provide for a separate substantial criminal offense. Therefore, the trial court erred by imposing separate sentences.

Affirmed, and remanded for resentencing.

1. CRIMINAL LAW—HABITUAL OFFENDERS—NOTICE TO DEFENDANT— FILING SUPPLEMENTAL INFORMATION.

Due process does not require that a defendant be notified of an

REFERENCES FOR POINTS IN HEADNOTES

[1] 21 Am Jur 2d, Criminal Law § 490.

39 Am Jur 2d, Habitual Criminals and Subsequent Offenders §§ 18-27.

[2] 21 Am Jur 2d, Criminal Law §§ 342, 490.

39 Am Jur 2d, Habitual Criminals and Subsequent Offenders §§ 1, 2, 29, 30.

Chronology or procedural sequence of former convictions as affecting enhancement of penalty for subsequent offense under habitual criminal statutes. 24 ALR2d 1247.

Form and sufficiency of allegations as to time, place, or court of prior offenses or convictions, under habitual criminal act or statute enhancing punishment for repeated offenses. 80 ALR2d 1196.

habitual offender charge against him prior to his conviction on the last of the offenses which are the basis for the habitual offender charge; a prosecutor who has knowledge of a defendant's prior conviction is not required to file a supplemental information prior to trial on the most recent charge.

2. CRIMINAL LAW—STATUTES—HABITUAL OFFENDERS—SEPARATE SENTENCES.

The habitual offender statute does not provide for a separate substantial criminal offense, but operates to enhance the punishment for the offender's last felony conviction; therefore, a trial court erred when it imposed separate sentences on a defendant's felony conviction and his habitual offender conviction (MCL 769.12, 769.13; MSA 28.1084, 28.1085).

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Robert L. Kaczmarek,* Prosecuting Attorney, and *Peter C. Jensen* and *Roland J. Jersevic,* Assistants Prosecuting Attorney, for the people.

*Norris J. Thomas, Jr.,* Assistant State Appellate Defender, for defendant on appeal.

Before: DANHOF, C.J., and V. J. BRENNAN and R. H. CAMPBELL,* JJ.

V. J. BRENNAN, J. On November 17, 1976, defendant was convicted by a jury in Saginaw County Circuit Court of breaking and entering an occupied building with intent to commit larceny therein. MCL 750.110; MSA 28.305. The defendant had been convicted of three previous felonies and on November 29, 1976, the prosecutor filed a supplemental information charging the defendant as an habitual offender. Defendant pled guilty and on January 12, 1977, was sentenced to a prison term of 5 to 15 years for breaking and entering and 7 to 15 years as an habitual offender; such sentences to

---

* Circuit judge, sitting on the Court of Appeals by assignment.

run concurrently. The defendant appeals as of right.

The defendant raises three issues on appeal, two of which merit discussion here.

First, the defendant argues that it is error to allow the prosecutor to file habitual offender charges after conviction where the prosecutor has knowledge of defendant's record before trial.

Initially, we must point out that due process does not require that a defendant be notified of an habitual offender charge prior to conviction on the last offense. *Oyler v Boles,* 368 US 448; 82 S Ct 501; 7 L Ed 2d 446 (1962). This Court in *People v Marshall,* 41 Mich App 66; 199 NW2d 521 (1972), specifically held that the prosecutor is not required to file a supplemental information prior to trial where he has knowledge of the previous conviction. The Michigan Supreme Court in *People v Hendrick,*[1] 398 Mich 410; 247 NW2d 840 (1976) (with Justice LEVIN dissenting), cited *Marshall* for the aforementioned proposition and did not disapprove of the practice.

In light of the case authority set forth above we hold that the prosecutor did not err in filing the habitual offender information after conviction in the present case.

Next, the defendant argues that the trial court erred by imposing separate sentences for breaking and entering and for the habitual offender conviction. We agree.

MCL 769.13; MSA 28.1085 in pertinent part provides:

"If the accused shall plead guilty to such information [habitual offender] or if the jury shall return a verdict

---

[1] *See Hendrick* for a detailed discussion of the current Michigan law in regard to the filing of an habitual offender information.

of guilty, the court may sentence him to the punishment prescribed in the 3 preceding sections * * * ."

It is clear that our habitual offender statute does not provide for a separate substantial criminal offense. Moreover, it operates to enhance the punishment for the last felony conviction. *People v Shotwell,* 352 Mich 42; 88 NW2d 313 (1958). Therefore, the trial court's imposition of two sentences in the present case was improper.

We affirm but remand with directions to vacate the sentences as imposed and to resentence the defendant for breaking and entering taking into account the penalty enhancement provision set forth in MCL 769.12; MSA 28.1084.