PEOPLE v RICE

Docket Nos. 45599, 47326. Submitted June 10, 1980, at Lansing.—
Decided October 23, 1980. Leave to appeal applied for.

Gillis J. Rice was convicted of assault with intent to commit
criminal sexual conduct involving penetration in the Hillsdale
Circuit Court, Harvey W. Moes, J. Subsequent to his sentenc-
ing, the prosecutor filed an information charging him with
being a third felony offender. Defendant was convicted and
Judge Moes resentenced him. Defendant appeals both convic-
tions and the cases were consolidated for appeal. *Held:*

1. The factors to consider in determining whether a new rule
of law should be given retroactive application are 1) the pur-
pose of the new rule, 2) the general reliance on the old rule,
and 3) the effect on the administration of justice. Purposes
which do not go to the ascertainment of guilt or innocence are
not reasons to apply a law retroactively. The rule expressed in
*People v Fountain,* 407 Mich 96; 282 NW2d 168 (1979), was a
new rule of law which does not go to the ascertainment of guilt
or innocence. The rule should not be given retroactive applica-
tion.

2. "Felony", as used in the code of criminal procedure, means
an offense for which the offender, upon conviction, may be
punished by death or by imprisonment for more than one year
or an offense expressly designated to be a felony. The offense of
unlawfully driving away an automobile is a felony for purposes
of the habitual felony offender statutes despite its express

REFERENCES FOR POINTS IN HEADNOTES
[1] 73 Am Jur 2d, Statutes § 347 *et seq.*
[2, 3] 39 Am Jur 2d, Habitual Criminals and Subsequent Offenders
    § 20.
[4] 21 Am Jur 2d, Criminal Law § 19.
    39 Am Jur 2d, Habitual Criminals and Subsequent Offenders § 15.
[5] 41 Am Jur 2d, Indictments and Informations §§ 159-162.
[6] 41 Am Jur 2d, Indictments and Informations § 160.
[7] 39 Am Jur 2d, Habitual Criminals and Subsequent Offenders
    §§ 20, 21.
    41 Am Jur 2d, Indictments and Informations § 27.

designation as a misdemeanor, since the potential penalty includes imprisonment for more than one year.

3. A bill of particulars is mandatory upon a defendant's request only when the statutory short form of indictment is used. Where the statutory short form of indictment is not used, it is within the trial court's discretion whether or not a defendant needs a bill of particulars to inform him of the charge against him, and review by the Court of Appeals of a denial of a motion for a bill of particulars is to determine whether the trial court abused its discretion. There is no need for a bill of particulars where a preliminary examination adequately informs a defendant of the charge against him.

Affirmed.

T. M. BURNS, P.J., dissented. He would hold that *People v Fountain* presented only a clarification of the law applicable previously rather than a new rule of law. He would apply the rule of *People v Fountain* to all cases pending in any court as of the date of that decision, as well as all cases initiated after that date, and would vacate defendant's sentence and reinstate his sentence on the principal charge.

### OPINION OF THE COURT

1. CRIMINAL LAW — RULES OF LAW — RETROACTIVITY.

The factors to consider in determining whether a new rule of law should be given retroactive application are 1) the purpose of the new rule, 2) the general reliance on the old rule, and 3) the effect on the administration of justice; purposes which do not go to the ascertainment of guilt or innocence are not reasons to apply a law retroactively.

2. CRIMINAL LAW — INFORMATIONS — HABITUAL CRIMINALS — RULES OF LAW.

The purposes of the rule requiring that a supplemental information charging a defendant with being a habitual felony offender be filed simultaneously with the information charging the last crime are to provide fair notice to the accused and avoid an appearance of prosecutorial impropriety; these purposes do not go to a determination of guilt or innocence.

3. CRIMINAL LAW — INFORMATIONS — HABITUAL CRIMINALS — RULES OF LAW — RETROACTIVITY.

The rule that a supplemental information charging a defendant with being a habitual felony offender must be filed simultaneously with the information charging the last crime need not be applied retroactively, since retroactive application could ad-

versely affect the administration of justice by requiring a substantial number of habitual criminal convictions to be overturned despite the absence of prejudice or prosecutorial misconduct and since the purposes of the rule do not go to a determination of guilt or innocence.

4. CRIMINAL LAW — "FELONY" — HABITUAL CRIMINALS.

"Felony", as used in the code of criminal procedure, means an offense for which the offender, upon conviction, may be punished by death or by imprisonment by more than one year or an offense expressly designated to be a felony; the offense of unlawfully driving away an automobile is a felony for purposes of the habitual felony offender statutes despite its express designation as a misdemeanor, since the potential penalty includes imprisonment for more than one year.

5. INDICTMENT AND INFORMATION — BILL OF PARTICULARS — SHORT FORM OF INDICTMENT — MOTIONS — STATUTES — APPEAL.

A bill of particulars is mandatory upon a defendant's request only where the statutory form of indictment is not used; it is within the trial court's discretion whether or not a defendant needs a bill of particulars to inform him of the charge against him, and review by the Court of Appeals of the denial of the defendant's motion for a bill of particulars is to determine whether the trial court abused its discretion (MCL 767.44; MSA 28.984).

6. INDICTMENT AND INFORMATION — BILL OF PARTICULARS — PRELIMINARY EXAMINATION.

There is no need for a bill of particulars where a preliminary examination adequately informs a defendant of the charge against him.

DISSENT BY T. M. BURNS, P.J.

7. CRIMINAL LAW — INFORMATIONS — HABITUAL CRIMINALS — RULES OF LAW — RETROACTIVITY.

*The rule that a supplemental information charging a defendant with being a habitual offender must be filed simultaneously with an information charging him with the latest crime where the prosecutor has knowledge that a supplemental information would be warranted was merely a clarification of the former rule requiring prompt filing, not a new rule of law; the rule should apply to all cases pending in any court on the date of clarification or initiated after that date.*

*Frank J. Kelley,* Attorney General, *Robert A.*

*Derengoski,* Solicitor General, and *Ronald C. Zellar,* Prosecuting Attorney (by *Mary C. Smith,* Assistant Attorney General, Prosecuting Attorneys Appellate Service), for the people.

*F. Martin Tieber,* Assistant State Appellate Defender, for defendant on appeal.

Before: T. M. BURNS, P.J., and BEASLEY and G. R. DENEWETH,[*] JJ.

BEASLEY, J. Defendant, Gillis James Rice, was convicted in a nonjury trial of assault with intent to commit criminal sexual conduct involving penetration, in violation of MCL 750.520g(1); MSA 28.788(7)(1). He was sentenced to not less than six years and eight months nor more than ten years in prison. Subsequent to this conviction, the prosecutor filed a supplemental information charging defendant as an habitual (third) offender. In a jury trial, defendant was then convicted as a third offender, in violation of MCL 769.11; MSA 28.1083, and his prior sentence was increased to not less than 13 years nor more than 20 years in prison. He now appeals as of right.

Defendant contends that, under the rule stated in *People v Fountain,*[1] his conviction as an habitual offender must be vacated where the prosecutor had knowledge of defendant's prior convictions but did not file a supplemental information until after his conviction on the original charge.

In deciding whether this contention has merit, we must address the question of whether *Fountain* should be given retroactive application.

In *Fountain,* the Michigan Supreme Court va-

---

[*] Circuit judge, sitting on the Court of Appeals by assignment.
[1] 407 Mich 96; 282 NW2d 168 (1979).

cated the habitual offender sentences of defendants Fountain and Jones, stating:

"A prosecutor who knows a person has a prior felony record must promptly proceed, if at all, against the person as an habitual offender. *People v Hatt,* 384 Mich 302; 181 NW2d 912.(1970); *People v Stratton,* 13 Mich App 350; 164 NW2d 555 (1968). The prosecutor is not foreclosed from proceeding against a person as an habitual offender after conviction on the current offense provided he is unaware of a prior felony record until after the conviction. MCL 769.13; MSA 28.1085. The only recognized exception to this rule is when the delay is due to the need to verify out-of-state felony convictions based on the 'rap sheet'. *People v Hendrick,* 398 Mich 410; 247 NW2d 840 (1976).

"Here, the prosecutors must be presumed to have known of the defendants' prior felony records because their respective offices prosecuted the prior felonies. The habitual offender charges should have been filed with the information which charged the last felony to provide fair notice to the accused and avoid an appearance of prosecutorial impropriety."[2]

Justice COLEMAN, joined by Justice RYAN, concurred in the results reached:

"Although the result in *Jones* may not be statutorily or constitutionally required, especially in the absence of any allegation or showing of prejudice from the delay, it is based on this Court's supervisory powers over the practices and procedures used in the courts of this state. In order to avoid even the appearance of impropriety, the prosecutor should file the habitual offender information with the information charging the principal offense when he or she has prior knowledge of defendant's previous conviction(s)." (Footnotes omitted.)[3]

In the instant case, the information on the

---

[2] *Id.,* 98-99.
[3] *Id.,* 99-100.

underlying felony was filed on August 4, 1978. At
his arraignment on August 7, 1978, defendant was
informed on the record that a supplemental infor-
mation would be filed charging him as an habitual
offender if a conviction was obtained. On February
1, 1979, defendant was convicted of the underlying
charge (attempted criminal sexual conduct) in a
bench trial. On February 2, 1979, he was charged
in a supplemental information as a third felony
offender. Defendant was convicted by a jury of this
charge on June 28, 1979.

The Supreme Court has not given a clear ruling
on whether or not the rule in *Fountain* is to be
applied retroactively. In *People v Morris*,[4] which is
a one-sentence order, the Court, apparently giving
*Fountain* retroactive effect, vacated the defen-
dant's habitual offender sentence and ordered that
his original sentence be reinstated.

In *People v Devine*,[5] this Court held that the
prosecutor had not erred in filing an habitual
offender information after the defendant's convic-
tion where the prosecutor had knowledge of defen-
dant's record before trial. The case was remanded
for resentencing, however, because the trial court
had improperly imposed separate sentences for the
underlying felony and for the habitual offender
conviction.

The Supreme Court reversed the part of the
*Devine* decision of this Court which remanded the
case for resentencing, affirmed the part of the
decision which vacated the defendant's habitual
offender sentence, and ordered that defendant's
sentence on the underlying felony remain intact.[6]

While the Court in *Devine* appeared to be apply-

---

[4] 407 Mich 885 (1979).

[5] 87 Mich App 213; 274 NW2d 20 (1978).

[6] *People v Devine*, 407 Mich 904; 284 NW2d 342 (1979).

ing *Fountain* to prevent resentencing of defendant on his habitual offender conviction, it did not reverse this conviction and stated that, in resolving this case, it intimated no opinion on the retroactivity of *Fountain.*

In *People v Ronald Brown,*[7] in a three-sentence order, the Supreme Court remanded the case to this Court to decide the issues of (1) whether the timing of the prosecutor's filing of the supplemental information was violative of the rule announced in *Fountain* and (2), if so, whether *Fountain* should be given retroactive effect.

In *People v Hampton,*[8] the Court set forth three factors to be considered in determining whether a law should be applied retroactively or prospectively:

"* * * (1) the purpose of the new rule; (2) the general reliance on the old rule; and (3) the effect on the administration of justice".

Purposes which do not go to the ascertainment of guilt or innocence are not reasons to apply a law retroactively.[9] The stated purposes for the rule in *Fountain* are "to provide fair notice to the accused and avoid an appearance of prosecutorial impropriety".[10] These purposes do not go to a determination of guilt or innocence.

It should be noted that neither of the purposes for the rule in *Fountain* were present in the present case. First, the defendant had notice; he was informed at his arraignment that a supplemental information would be filed charging him as

[7] 407 Mich 913 (1979).

[8] 384 Mich 669, 674; 187 NW2d 404 (1971).

[9] *Id.,* 676-677.

[10] *Fountain, supra,* 99.

an habitual offender if a conviction on the under-lying felony was obtained. Second, this case does not give any appearance of prosecutorial impropriety. It does not present the possibility of a prosecutor seeking revenge against the defendant for exercising his right to appeal, as did *Fountain* where the supplemental information was filed only after the defendant had filed his claim of appeal. Nor does it present a situation where the prosecutor appears to have filed a supplemental information after conviction because of his dissatisfaction with the length of sentence imposed or with the return of a verdict of guilty on a lesser included offense rather than on the principal charge.

The second and third factors to be considered under the three-prong test for retroactivity can be dealt with together, since, as the Court noted in *Hampton, supra,* "the amount of past reliance will often have a profound effect upon the administration of justice".[11]

Before *Fountain,* there had been some indications of the rule that the Court eventually adopted. See, *In re Brazel*[12] and *People v Stratton.*[13] In *Stratton,* Justice LEVIN stated:

"[A]s we now read sections 10, 11, 12 and 13, they contemplate 2 separate situations and procedures to be followed when the prosecutor desires to make possible the meting out of an increased penalty pursuant to the habitual criminal sections of the code of criminal procedure. The procedure set forth in section 13 is to be followed whenever it appears to the prosecutor *'after* conviction' of the current charge that the felon has a prior felony record. However, where it appears to the prosecutor before conviction of the current charge that the accused person is a prior felon, the accused person

---

[11] *Hampton, supra,* 677.

[12] 293 Mich 632; 292 NW 664 (1940).

[13] 13 Mich App 350; 164 NW2d 555 (1968).

is to be informed against as a prior offender prior to conviction on the current charge; the procedure set forth in section 13 need not be followed."[14] ((Emphasis in original.)

The Supreme Court stated that it "approved" of these procedures in *People v Hatt.*[15]

In *People v Marshall,*[16] the Court held:

"Clearly, the prosecutor has discretion to file a supplemental information under the habitual criminal act after conviction, and is not limited to filing such supplemental information prior to conviction of a current charge, where he has knowledge of the previous conviction."

The Court pointed out that the language in *Brazel* and *Stratton* was dictum and not controlling:

"It should be noted that the specific issue in both *People v Stratton, supra,* and *In re Brazel, supra,* was whether the prosecutor could bring a supplemental information charging the respective defendants therein, as subsequent offenders, prior to the conviction on the current charge in those cases. In each case, it was held that the prosecutor could file his supplemental information prior to or concurrent with the then pending charge. The specific question as to whether the prosecutor could file his supplemental information after the conviction on the then pending current charge, where the prosecutor had knowledge of the prior convictions, was not before the Court in either of those cases, nor was it decided by the Court. Thus, while the language in both *Stratton* and *Brazel* may be persuasive, it is certainly not controlling, where the specific question herein was not before the Court in those cases and was not decided by those respective Courts.

---

[14] *Id.,* 356.

[15] 384 Mich 302, 309; 181 NW2d 912 (1970).

[16] 41 Mich App 66, 72-73; 199 NW2d 521 (1972).

"Both *Brazel* and *Stratton* sepcifically held that the language of § 13 does not preclude the prosecutor from filing a supplemental information prior to defendant's conviction on the current pending charge.

"The holding of *Brazel* and *Stratton* does not, however, make it mandatory on the part of the prosecutor to proceed against an accused as a subsequent offender prior to conviction, but is merely permissive in that it allows the prosecutor to so proceed."[17]

See also, *People v Cairns*[18] and *People v Moreland*[19] where the Court stated that the "better procedure" would be to file supplemental informations after conviction.

In *People v Hendrick,*[20] the Court quoted *Marshall* with approval. It held that a prosecutor properly exercised his discretion in delaying until after sentencing the filing of a supplemental information charging the defendant with being an habitual criminal where he first became aware of defendant's prior record when he received an FBI "rap sheet" and he delayed filing to check the accuracy of the record of out-of-state convictions.

In *People v Laslo,*[21] the Court again held that a prosecutor who has knowledge of a defendant's prior convictions is not required to file a supplemental information prior to trial on the most recent charge. This Court decided *Devine, supra,* after the filing of the information on the initial charge in the present case, but before the filing of the supplemental information.

In light of the above line of cases, it cannot be said that *Fountain* clearly presents no new rule of

[17] *Id.,* 71.
[18] 4 Mich App 633, 644; 145 NW2d 345 (1966).
[19] 12 Mich App 483, 493; 163 NW2d 257 (1968).
[20] 398 Mich 410; 247 NW2d 840 (1976).
[21] 78 Mich App 257; 259 NW2d 448 (1977).

law. Prosecutors could have relied on these cases in waiting until after defendants were convicted of underlying felonies before filing supplemental informations charging defendants as habitual offenders. Retroactive application of *Fountain* could adversely affect the administration of justice by requiring a substantial number of habitual offender convictions to be overturned, despite the absence of prejudice or prosecutorial misconduct. We decline to give *Fountain* retroactive application to vacate defendant's habitual offender conviction.

Defendant next contends that he was improperly charged and convicted as a third felony offender where one of his prior convictions, that of unlawfully driving away an automobile, in violation of MCL 750.414; MSA 28.646, was designated a misdemeanor under the applicable penal code provision.

MCL 750.414; MSA 28.646 states:

"Use of motor vehicle without authority but without intent to steal—Any person who takes or uses without authority any motor vehicle without intent to steal the same, or who shall be a party to such unauthorized taking or using, shall upon conviction thereof be guilty of a misdemeanor, punishable by imprisonment in the state prison for not more than 2 years or by a fine or [of] not more than 1,000 dollars: Provided, That in case of first offense the court may in its discretion reduce the punishment to imprisonment in the county jail for a term of not more than 3 months or a fine of not more than 100 dollars: Provided further, That the provisions of this section shall be construed to apply to any person or persons employed by the owner of said motor vehicle or any one else, who, by the nature of his employment, shall have the charge of or the authority to drive said motor vehicle if said motor vehicle is driven or used without the owner's knowledge or consent."

"Felony", as used in the code of criminal procedure of which the habitual offender provisions are a part, has been defined as follows since 1974:

"As used in this act:

* * *

"(g) 'Felony' means an offense for which the offender, upon conviction, may be punished by death or by imprisonment for more than 1 year or an offense expressly designated by law to be a felony."[22]

At the time of defendant's 1973 conviction of unlawfully driving away an automobile, the code of criminal procedure definition of "felony" read as follows:

"The term 'felony' when used in this act, shall be construed to mean an offense for which the offender, on conviction may be punished by death, or by imprisonment in state prison."[23]

Defendant's conviction of unlawfully driving away an automobile would constitute a "felony" for purposes of the code of criminal procedure under either of the above definitions.

In *People v Rosecrants*,[24] this Court addressed the same issue presented here. The Court held that a felon convicted of resisting an officer may be prosecuted under the habitual offender statute despite the fact that the statute creating the offense of resisting an officer defines the offense as a misdemeanor, since the maximum potential term of imprisonment for resisting an officer is two years. The Court reasoned:

"The Legislature has expressed two intents as to the

[22] 1974 PA 63, § 1(g); MCL 761.1(g); MSA 28.843(g).

[23] 1927 PA 175, ch I; MCL 761.1;MSA 28.843.

[24] 88 Mich App 667; 278 NW2d 713 (1979).

designated grade of defendant's offense; under the penal code defendant's activity is termed a misdemeanor, while under the later enacted code of criminal procedure it falls under the classification of a felony. The Legislature has the general power to designate both the grade and the punishment of criminal offenses. The habitual offender statute is an example of the Legislature's intent to use this power to augment the permissible punishment for second and subsequent felony offenders rather than to make a separate substantive crime out of being an habitual offender.

                    *   *   *

"Although designating defendant's offense as a felony under the code of criminal procedure eliminates most, if not all, of the effect the prior designation of the offense as a misdemeanor under the penal code, the Legislature has the inherent power to define crimes, their grades and allowable punishment. We must, if at all possible, uphold the legislative determination as expressed in the applicable statute."[25]

*Rosecrants* controls here.

Defendant's final contention is that the trial court committed reversible error by refusing to grant a defense request for a bill of particulars. Defendant relies on the last sentence of MCL 767.44; MSA 28.984, which states:

"[T]he prosecuting attorney, if seasonably requested by the respondent, shall furnish a bill of particulars setting up specifically the nature of the offense charged."

This sentence is a proviso to a section setting forth statutory short forms for informations. This proviso does not apply where, as here, the information is not one of the statutory forms.[26] Instead,

---

[25] *Id.,* 669-671.

[26] *People v Tenerowicz,* 266 Mich 276; 253 NW 296 (1934), *People v Harbour,* 76 Mich App 552; 257 NW2d 165 (1977).

the standard of review is whether the trial court abused its discretion in finding that the defendant did not need a bill of particulars to inform him of the charge against him.[27]

Where, as in the present case, there was a preliminary examination which adequately informed defendant of the charge against him, the need for a bill of particulars is obviated.[28] We find no abuse of discretion.

Affirmed.

G. R. Deneweth, J., concurred.

T. M. Burns, P.J. *(dissenting).* I dissent. I believe that the Supreme Court's opinion in *People v Fountain,* 407 Mich 96; 282 NW2d 168 (1979), requires us to vacate the defendant's habitual offender conviction.

In *Fountain,* the Supreme Court held that where a prosecutor wishes to charge a defendant as an habitual offender, he must do so by filing the habitual offender information simultaneously with the information charging the defendant with the latest crime where the prosecutor has knowledge that a supplemental information would be warranted at that time. This is not a new rule of law, rather, it is merely a clarification of prior Michigan law.

On the date of the *Fountain* decision Michigan law required a prosecutor who knew that a person had a felony record to proceed promptly, if at all, against that person as an habitual offender. See, *People v Hatt,* 384 Mich 302; 181 NW2d 912 (1970), *People v Stratton,* 13 Mich App 350; 164 NW2d 555 (1968). Thus, even under pre-*Fountain*

---

[27] *People v Tenerowicz, supra, People v Harbour, supra.*

[28] *People v Harbour, supra, People v Jones,* 75 Mich App 261; 254 NW2d 863 (1977).

law, defendant's habitual offender conviction could be vacated in this case where the supplemental information under which he was convicted was not filed by the prosecutor until March 7, 1979, despite the fact that defendant's conviction under the principle information was had on February 1, 1979.[1]

In determining whether a particular ruling on a point of law should be given retroactive effect, the factors set forth by the Supreme Court in *People v Kamin,* 405 Mich 482, 494; 275 NW2d 777 (1979), are often seen as paramount. Those factors are: the purpose of the new rule; the amount of general reliance on the old rule; and the effect of the new rule on the administration of justice. Perceiving *Fountain* to set forth a new rule of law, the majority in this case has limited its application to the fewest possible cases. However, I see in *Fountain* nothing making it a sharp departure from former law. Rather, every case that could be reversed on the basis of *Fountain* could also be reversed on the basis of the "promptness" rule of prior law.

Nonetheless, considering the factors of *Kamin,* I would hold that the first dictates in favor of defendant. That is, there is nothing in this case that would have prohibited the prosecutor from filing the supplemental information promptly whereas the threat of a possible supplemental information cannot be deemed to have had anything other than a coercive effect on defendant.

---

[1] On February 2, 1979, the prosecutor filed an information charging defendant as a third offender. On February 20, 1979, an amended supplemental information was filed in which the prosecutor deleted reference to a high court misdemeanor that had been cited in the original supplemental information. Finally, on March 7, 1979, a second amended supplemental information was filed in which defendant was again charged as a third time habitual offender. Defendant was convicted under this last information.

Neither can the second factor of *Kamin* be said to mitigate against defendant. Although it was common practice for prosecutors to file supplemental informations at dates later than those on which the principle informations were filed, indeed sometimes supplemental informations were filed subsequent to conviction on the principle information, this practice cannot be deemed to have been justified under pre-*Fountain* law. As was made clear in *Hatt* and *Stratton,* prosecutors were always required to file supplemental informations promptly. *Fountain* only clarified the meaning of the word "prompt"; it did not create the "promptness" test nor radically depart from it.

Finally, contrary to what the majority believes, application of *Fountain* to this and similar cases will not adversely affect the administration of justice. In this case, it would only require us to vacate defendant's habitual information sentence of 13 to 20 years and reinstate his six years, eight months to ten years sentence for his conviction on the principle charge. Moreover, *fair* administration of justice is more important than concerns regarding the *ease* of administering justice. We must not lose sight of the fact that in the phrase "administration of justice" the word "justice" is of paramount importance and not the word "administration".

Therefore, I believe that the rule pertaining to the time for filing supplemental informations as set forth in *Hatt* and *Stratton,* and as clarified by *Fountain,* should apply to all cases initiated after the date of *Fountain* and to all cases that were pending in any court of this state on the date of the *Fountain* decision. I would vacate defendant's habitual offender sentence and reinstate his sentence on the principal charge.