PEOPLE v STANKIEWICZ

Docket No. 78-3120. Submitted June 6, 1980, at Grand Rapids.— Decided November 19, 1980.

Defendant, Victor B. Stankiewicz, was convicted in Kent Circuit Court, George V. Boucher, J., of arson of real property. Two days later, the prosecutor filed a supplemental information charging the defendant as a second felony offender, basing the charge on a prior felony conviction in the same court and before the same judge one year earlier. Defendant was convicted of the habitual offender charge and appeals that conviction. *Held:*

Defendant was convicted on the habitual offender charge before the Supreme Court issued its opinion in *People v Fountain,* 407 Mich 96; 282 NW2d 168 (1979). The preconviction filing requirement in the *Fountain* decision established a new rule to be followed by prosecutors prospectively only and should not be applied to cases in which all the critical facts occurred before the day of the *Fountain* decision. This new rule should be applied only to those cases in which the original informations were filed after August 28, 1979. The case at bar falls outside that class.

Affirmed.

R. B. BURNS, J., dissented. He would reverse the habitual offender conviction and reinstate the arson conviction on the grounds that a prosecutor is presumed to have knowledge of prior felony convictions which have occurred within his jurisdiction and that it is error for a prosecutor who knows of a defendant's prior felony conviction to delay filing an habitual offender information against the defendant until after he has been convicted of the last felony charged.

REFERENCES FOR POINTS IN HEADNOTES

[1, 2, 4, 5] 39 Am Jur 2d, Habitual Criminals and Subsequent Offenders §§ 20, 21.

41 Am Jur 2d, Indictments and Informations § 197.

[3] 20 Am Jur 2d, Courts §§ 233, 236.

Prospective or retroactive operation of overruling decision. 10 ALR3d 1371.

[6] 39 Am Jur 2d, Habitual Criminals and Subsequent Offenders § 7.5.

OPINION OF THE COURT

1. CRIMINAL LAW — HABITUAL OFFENDERS — SUPPLEMENTAL INFOR-
    MATIONS.

The rule that it is impermissible for a prosecutor with knowledge
of a defendant's prior felony record before trial to file a supple-
mental information charging the defendant as an habitual
offender after conviction on the current felony charge was a
new rule of law when announced on August 28, 1979, and
should only be applied to cases in which the original informa-
tions were filed after that date.

2. CRIMINAL LAW — HABITUAL OFFENDERS — STATUTES.

A prosecutor is not foreclosed from proceeding against a person
as an habitual offender after conviction on a current felony
offense provided he is unaware of a prior felony record until
after the conviction (MCL 769.13; MSA 28.1085).

3. COURTS — CASE PRECEDENT — RETROACTIVE APPLICATION OF LAW.

There are three factors to be considered in determining whether
to apply a new rule of law retroactively: 1) the purpose of the
new rule; 2) the reliance on the old rule; and 3) the effect of the
retroactive application on the administration of criminal jus-
tice.

4. CRIMINAL LAW — HABITUAL OFFENDERS — SUPPLEMENTAL INFOR-
    MATIONS.

There are two reasons for the rule that an information charging
a defendant as an habitual offender must be filed simultane-
ously with the information charging the latest felony: to pro-
vide fair notice to the accused and to avoid an appearance of
prosecutorial impropriety.

DISSENT BY R. B. BURNS, P.J.

5. CRIMINAL LAW — PRIOR CONVICTIONS — PRESUMPTION OF KNOWL-
    EDGE.

*A prosecutor is presumed to have knowledge of any prior felony
convictions of a defendant where the convictions occurred in
the prosecutor's county.*

6. CRIMINAL LAW — HABITUAL OFFENDERS — SUPPLEMENTAL INFOR-
    MATIONS — DELAY IN FILING — ERROR.

*It is error for a prosecutor who has knowledge of any prior felony
convictions of a defendant to delay filing an habitual offender
charge until after the defendant is convicted of the felony he is
currently charged with.*

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *David H. Sawyer,* Prosecuting Attorney, and *Carol S. Irons,* Chief Appellate Attorney, for the people.

*George S. Buth,* for defendant on appeal.

Before: R. B. BURNS, P.J., and MACKENZIE and J. T. KALLMAN,* JJ.

J. T. KALLMAN, J. Defendant was convicted of arson of real property, MCL 750.73; MSA 28.268, in a nonjury trial in Kent County on March 14, 1978. On March 16, 1978, two days later, the prosecutor filed a supplemental information charging defendant as a second felony offender, MCL 769.10, 769.13; MSA 28.1082, 28.1085. Defendant's prior conviction was also in Kent County before the same judge on March 17, 1977. Defendant was convicted of the habitual offender charge and appeals that conviction.

We find that no reversible error occurred when the prosecutor filed an information charging defendant as an habitual offender after defendant's conviction on a second felony but before the Supreme Court issued its opinion in *People v Fountain,* 407 Mich 96; 282 NW2d 168 (1979) *(Fountain).*

In *Fountain,* the Supreme Court vacated sentence enhancement under the habitual criminal act where two defendants were not charged as habitual criminals until after they were convicted of their current principal offenses. The Court reasoned:

"A prosecutor who knows a person has a prior felony record must promptly proceed, if at all, against the

---

* Circuit judge, sitting on the Court of Appeals by assignment.

person as an habitual offender. *People v Hatt,* 384 Mich 302; 181 NW2d 912 (1970); *People v Stratton,* 13 Mich App 350; 164 NW2d 555 (1968). The prosecutor is not foreclosed from proceeding against a person as an habitual offender after conviction on the current offense provided he is unaware of a prior felony record until after the conviction. MCL 769.13; MSA 28.1085. The only recognized exception to this rule is when the delay is due to the need to verify out-of-state felony convictions based on the 'rap sheet'. *People v Hendrick,* 398 Mich 410; 247 NW2d 840 (1976).

"Here the prosecutors must be presumed to have known of the defendants' prior felony records because their respective offices prosecuted the prior felonies. The habitual offender charges should have been filed with the information which charged the last felony to provide fair notice to the accused and avoid an appearance of prosecutorial impropriety." *Fountain, supra,* 98-99.

The Supreme Court did not indicate whether its decision was meant to apply completely retroactively, purely prospectively, or in some intermediate fashion. In three subsequent orders, the Court declined to rule on *Fountain's* application. In *People v Morris,* 407 Mich 885 (1979), the Court vacated a sentence enhancement provision and reinstated defendant's initial sentence, citing *Fountain.* In *People v Devine,* 407 Mich 904; 284 NW2d 342 (1979), the Court vacated a separate sentence imposed after defendant's conviction as an habitual offender, but reversed this Court's order to remand for resentencing, stating, "we intimate no opinion on the retroactivity of *[Fountain]."* Lastly, in *People v Ronald Brown,* 407 Mich 913 (1979), the Supreme Court remanded to this Court "for briefing and argument of the issues of (1) whether the timing of the prosecutor's filing of the supplemental information was violative of the rule announced in *[Fountain];* and (2) if so,

whether *Fountain* should be given retroactive effect".

Judge BURNS would affirm on the authority of *Devine.* In *Devine,* the Supreme Court expressly disavowed an intent to intimate an opinion on *Fountain's* retroactivity; therefore, we are unable to accept *Devine* as authority for applying *Fountain* in this case where all the relevant events occurred before *Fountain* was decided. Moreover, the later remand in *Ronald Brown* indicates the Court wished to open the retroactivity question to full discussion among panels of this Court.

This Court, left to decide the retroactivity question, has issued a variety of conflicting opinions. Contrast *People v Holmes,* 98 Mich App 369; 295 NW2d 887 (1980), giving only prospective effect to the "new rule of law", and *People v Reese,* 97 Mich App 785; 296 NW2d 172 (1980), applying *Fountain's* "new rule of law" to all future cases and cases pending on appeal at the date of the *Fountain* decision.

This Court recently discussed two rules stemming from *Fountain. People v Mohead,* 98 Mich App 612; 295 NW2d 910 (1980). Rule 1 stated that it is impermissible for a prosecutor with knowledge of a defendant's prior felony record before trial to file a supplemental information charging the defendant as an habitual offender after conviction on the current felony charge. No determination as to retroactivity was made. Rule 2 stated that habitual charges should be filed with the information charging the current or later felony. For the reasons given in *Mohead,* we agree that Rule 2—the "simultaneous filing requirement"—created a new rule of law which should be applied prospectively only to cases in which informations charging the current felonies are filed after *Foun-*

*tain's* release date, August 28, 1979. The case at bar does not fall within that class.

In considering *Mohead's* first rule, it is helpful to analyze it in terms of two stages. Step one states the previously recognized rule that a prosecutor who knows of an accused's prior felony record must proceed "promptly" against the person as an habitual offender. The *Fountain* Court cited *People v Hatt,* 384 Mich 302; 181 NW2d 912 (1970), and *People v Stratton,* 13 Mich App 350; 164 NW2d 555 (1968), as authority for this proposition. The *Mohead* Court recognized, however, that *Stratton* and *Hatt* both discuss a related but distinct problem: the prejudice that can be engendered by the use of a single trial to determine guilt on the principal offense and the habitual charge. Other cases do support *Fountain's* first proposition. In *People v Marshall,* 41 Mich App 66, 73; 199 NW2d 521 (1972), for example, this Court noted that the prosecution "should have acted promptly" in bringing habitual offender charges. The *Marshall* Court continued, holding that where no good reason existed for a nearly four-month delay between conviction and filing and that delay substantially prejudiced Marshall's right to appeal, defendant Marshall had been denied due process. No specific time was set for filing in *Marshall*—the Court merely required promptness, with no unexplained or prejudicial delay. A similar approach was adopted by the Supreme Court in *People v Hendrick,* 398 Mich 410; 247 NW2d 840 (1976). The Court quoted *Marshall:*

"where no good reason exists for the delay in filing a supplemental information charging the defendant as a subsequent offender, and the delay on the part of the prosecutor substantially prejudices defendant's rights, the filing of that supplemental informa-

tion clearly denies defendant his right to due process of law." *Hendrick, supra,* 420-421.

The Court found the prosecutor's need to verify an out-of-state rap sheet a sufficient reason to delay filing a supplemental information until the date of sentencing. We conclude that under *Marshall* and *Hendrick* no clear timetable was established for filing the supplemental information.

We find *Fountain* took a second step in placing conviction as the legally significant point in determining whether a prosecutor has been sufficiently prompt. The *Fountain* Court wrote:

"The prosecutor is not foreclosed from proceeding against a person as an habitual offender *after conviction* on the current offense provided he is unaware of a prior felony record until after the conviction." *Id.,* 98. (Emphasis added.)

The authority cited in support of this proposition is MCL 769.13; MSA 28.1085. That statute describes a procedure that permits a prosecutor to file a supplemental information after conviction when he or she learns of the prior record after conviction. The previous section of the habitual criminal act describes another procedure, which *may* be used to enhance sentencing when the prosecution knows of the prior offenses at an earlier stage of the proceeding. That section states, in pertinent part:

"A person to be punished under this section or section 10 or 11 need not have been indicted and convicted as a previous offender in order to receive the increased punishment provided in this section or section 11, but may be proceeded against as provided in section 13." MCL 769.12; MSA 28.1084.

This language also is permissive: while it offers options to prosecutors, it does not establish preconviction filing as *mandatory* whenever the prosecution has knowledge of the prior felony offenses.

Before *Fountain,* Michigan's courts had never found reversible error when a prosecutor with prior knowledge of an accused's felony record delayed filing a supplemental information until shortly after conviction. The preference for preconviction filing does appear, however, in *In re Brazel,* 293 Mich 632, 639-640; 292 NW 664 (1940), where the Supreme Court wrote of the option of proceeding in a single information under a statute similar to the present habitual offender act.

"We must conclude that prior convictions can be charged in an information for a subsequent offense where the prosecutor has knowledge thereof on filing the information, or later in separate proceedings by a supplemental information under 3 Comp Laws 1929, [sec] 17341 (Stat Ann [sec] 28.1085), where such officer acquires such knowledge or information subsequent to conviction."

Stronger language suggesting the preconviction filing rule appears in *Stratton.* It is noteworthy, however, that in that opinion, this Court emphasized the permissive statutory language. *Stratton, supra,* 356.

Neither *In re Brazel* nor *Stratton* required a determination of whether the filing schedule suggested by the statute was mandatory. In *Marshall, supra,* 71, however, this Court addressed that precise question, concluding:

"The holding of *Brazel* and *Stratton* does not, however, make it mandatory on the part of the prosecutor to proceed against an accused as a subsequent offender

prior to conviction, but is merely permissive in that it allows the prosecutor to so proceed."

*Marshall* was cited with approval by the Supreme Court in *Hendrick.*

We conclude that the preconviction filing requirement in *Fountain,* previously only a suggested procedure, established a new rule to be followed by prosecutors.

Application of *Fountain* to the case at bar is simplified if each step of the *Fountain* rule is treated separately. We have already determined that the simultaneous filing rule does not operate retroactively to the case at bar. See *Mohead, supra.* The "promptness" requirement, which was clearly established in pre-*Fountain* decisions, is an old rule, so no retroactivity question is raised. In the instant case, the prosecution filed the supplemental information two days after conviction, a filing date which, under *Marshall* and *Hendrick,* satisfies the promptness rule. Since the timing fails to meet the requirements set forth by the new preconviction filing rule established in *Fountain,* we must determine whether that rule should be applied to the instant case.

The United States Supreme Court discussed the problems of retrospective and prospective application of new rules of law in *Linkletter v Walker,* 381 US 618, 629; 85 S Ct 1731; 14 L Ed 2d 601 (1965), a case that refused to apply the exclusionary rule announced in *Mapp v Ohio,* 367 US 643; 81 S Ct 1684; 6 L Ed 2d 1081 (1961), retroactively beyond cases pending on appeal. *Linkletter* established three guidelines that have been adopted in Michigan. See *People v Hampton,* 384 Mich 669; 187 NW2d 404 (1971), and *People v Kamin,* 405 Mich 482; 275 NW2d 777 (1979). The three factors

to be considered in determining whether to apply a new rule retroactively are: First, the purpose of the new rule should be examined; second, the reliance on the old rule should be considered; and finally, the effect of retroactive application on the administration of criminal justice must be examined.

Applying *Hampton's* first standard to *Fountain,* we note that the Court expressed two reasons for implementing the simultaneous filing rule: to provide fair notice to the accused and to avoid an appearance of prosecutorial impropriety. No additional reasons were stated for requiring preconviction filing nor are any apparent.

It is noteworthy that defendant in the case at bar had been fully informed, on the record, of the prosecution's intent to file the supplemental information, so defendant cannot be regarded as having lacked notice. Nor was there any appearance of prosecutorial impropriety in the instant case; the prosecution was employing a legitimate bargaining tool in offering not to file a supplemental information if defendant pleaded guilty. In *Bordenkircher v Hayes,* 434 US 357, 360-361; 98 S Ct 663; 54 L Ed 2d 604 (1978), the Supreme Court discussed a similar situation, noting that "as a practical matter * * * this case would be no different if the grand jury had indicted Hayes as a recidivist from the outset, and the prosecutor had offered to drop that charge as part of the plea bargain".

The prosecution's actions must be regarded as within the scope of the then-existing law. While preconviction filing was suggested in dicta in *Stratton* and *Hatt,* the prosecution's actions were fully justifiable under the holding of *Marshall* and *Bordenkircher. Hampton's* second test, therefore, suggests a prospective-only application.

Finally, *Hampton* requires an examination of what effect retroactive application would have on the administration of justice. As this Court noted recently in *Mohead,* broad application of *Fountain* to all cases in which the original informations were filed before the *Fountain* decision would benefit a class of defendants who have demonstrated no prejudice and would penalize prosecutors who had violated no known prosecutorial duty.

The Supreme Court of the United States has refused to accord even limited retroactive effect to new prophylactic rules. In *Stovall v Denno,* 388 US 293; 87 S Ct 1967; 18 L Ed 2d 1199 (1967), the Court refused to apply to cases pending on appeal the new rule of *United States v Wade,* 388 US 218; 87 S Ct 1926; 18 L Ed 2d 1149 (1967), and *Gilbert v California,* 388 US 263; 87 S Ct 1951; 18 L Ed 2d 1178 (1967). The Court noted the previous decisions did not correct any serious flaws in the fact-finding process and recognized that retroactive application would operate in some cases where no unfairness was actually present. The Court wrote:

"We also conclude that, for these purposes, no distinction is justified between convictions now final, as in the instant case, and convictions at various stages of trial and direct review. We regard the factors of reliance and burden on the administration of justice as entitled to such overriding significance as to make that distinction unsupportable." 388 US 293, 300-301.

The preconviction filing rule announced in *Fountain* should not be applied to cases in which all the critical facts occurred before the date of the *Fountain* decision. We hold that this new rule should apply only to those cases in which the original

informations were filed after August 28, 1979. The case at bar falls outside that class.

Affirmed.

MACKENZIE, J., concurred.

R. B. BURNS, P.J. *(dissenting)*. I must dissent.

Defendant was convicted of arson of real property, MCL 750.73; MSA 28.268, in a nonjury trial in Kent County on March 14, 1978. On March 16, 1978, two days later, the prosecutor filed a supplemental information charging defendant as a second felony offender, MCL 769.10, 769.13; MSA 28.1082, 28.1085. Defendant's prior conviction was also in Kent County before the same judge on March 17, 1977. Defendant was convicted of the habitual offender charge and appeals that conviction.

As both felony convictions occurred in the same county, knowledge by the prosecutor of the prior offense is presumed. When a prosecutor has knowledge of a prior felony conviction it is error for him to delay filing an habitual offender charge until after defendant's conviction on the last felony. See *People v Devine,* 407 Mich 904; 284 NW2d 342 (1979), *modifying on appeal* 87 Mich App 213; 274 NW2d 20 (1978).

I would reverse defendant's habitual offender conviction and reinstate his sentence on the arson conviction.